MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2014 ME 155
Docket:        Lin-14-141
Argued:        December 10, 2014
Decided:       December 31, 2014

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and CLIFFORD, JJ.

# THE BANK OF MAINE

v.

# WILLIAM M. PETERSON

GORMAN, J.

[¶1]  William M. Peterson appeals from a judgment of foreclosure entered in the Superior Court (Lincoln County, *Hjelm, J.*) granting summary judgment to The Bank of Maine (the Bank) following the court's denial of Peterson's request for mediation.  Peterson contends that the denial of mediation was an abuse of discretion and that the Supreme Judicial Court exceeded its rulemaking authority when it enacted M.R. Civ. P. 93, which governs foreclosure mediation.  We affirm the judgment.

## I.  BACKGROUND

[¶2]   This case involves two foreclosure matters concerning separate properties in South Bristol.  The cases were consolidated for purposes of appeal, but Peterson's primary argument concerns the second foreclosure, and his only issue on appeal from the first case involves the issue of attorney fees.  For those

2

reasons, we do not provide an outline of the pleadings in the first case and discuss it only as needed.

[¶3] On August 13, 2013, the Bank filed a complaint seeking foreclosure of Peterson's primary residence and, seven days later, the Bank served the complaint on Peterson. Included with the complaint served on Peterson was a form entitled "Response to Complaint And Request for Mediation," and a summons informing Peterson that, if he wished to oppose the lawsuit, he had to serve a written answer within twenty days. After Peterson failed to file a timely answer, the Bank filed an application for entry of default on September 18, 2013. One week later, on September 26, 2013, the court (*Hjelm, J*.) entered Peterson's default. On the same date, Peterson used the form mentioned above to respond to the complaint and request mediation, but did not include with his filings a motion or request to accept his late filings. On December 9, 2013, the court (*Sparaco, J*.) entered an order denying Peterson's request for mediation because he "filed an untimely response to [the] complaint" as "[t]he response was filed on the same day that the court entered its entry of default." The court also ordered, however, that Peterson could "move to set aside default for good cause shown pursuant to M. R. Civ. P. 55(c)." Peterson did not make any motion to set aside the default and, on January 6, 2014, the Bank filed motions for summary judgment in both foreclosure cases.

[¶4]  On March 17, 2014, the court (*Hjelm, J.*) granted summary judgments to the Bank and entered judgments of foreclosure that included cumulative legal fees of $23,827.07.[1]  In a separate order, the court noted that Peterson's request for mediation in the second case had been untimely; referenced its December 9, 2013, order; and stated that, although Peterson had objected to the entry of default in the other foreclosure, he had not done so in this second case, which involved his home. Peterson timely appealed pursuant to 14 M.R.S. § 1851 (2014) and M.R. App. P. 2.

## II.  DISCUSSION

[¶5]  The crux of Peterson's argument is that the time limit established by M.R. Civ. P. 93 improperly limits a defendant's substantive right to mediation in violation of 4 M.R.S. § 8 (2014).  We are not persuaded.

[¶6]  In addition to ignoring our broad rulemaking authority, found in 4 M.R.S. § 8, Peterson's argument ignores the specific directive from the Legislature to the Supreme Judicial Court included in the legislation that created the foreclosure mediation program.  Title 4 M.R.S. § 18-B(12)(A) (2014) specifies that the Supreme Judicial Court is to *administer* the foreclosure mediation program and 14 M.R.S. § 6321-A(3) (2014) specifies that the Supreme Judicial Court shall "*adopt rules to establish* a foreclosure mediation program."  (Emphasis added.)

---

[1]  The Bank's consolidated bill totaled $23,827.07, which the court awarded the Bank in both dockets. At oral argument, the Bank conceded that it is entitled to and can collect only $23,827.07 in fees.

4

[¶7] Contrary to Peterson's assertion, M.R. Civ. P. 93 was promulgated by the Supreme Judicial Court as an appropriate exercise of the broad authority expressly granted to it by the Legislature to create and administer the foreclosure mediation program. It is not an improper limitation of the substantive rights of litigants.

[¶8] Peterson has also asserted that, if it was not obvious error for the court to deny his untimely request for mediation, it was an abuse of the court's discretion to do so. Review of an exercise of discretion involves resolution of three questions: (1) whether the factual findings, if any, were supported by the record according to the clear-error standard; (2) whether the court understood the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, whether the court's weighing of the applicable facts and choices was within the bounds of reasonableness. *Charette v. Charette*, 2013 ME 4, ¶ 7, 60 A.3d 1264. Here, the court determined that Peterson's filings were untimely because they were due on or about September 10, 2013, based on a service date of August 20, 2013. This reflects an accurate understanding of the date of service and the applicable time limitations of M.R. Civ. P. 93(c)[2] and, therefore, the court's decision was within the bounds of reasonableness.

---

[2] These limitations are found in M.R. Civ. P. 93(c)(1), (3), as well as Rule 93(d)(1).

[¶9]    Because Peterson did not request mediation pursuant to M.R. Civ. P. 93(c) in a timely manner, the court did not err or abuse its discretion in denying his request for mediation.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Walter F. McKee, Esq., and Matthew D. Morgan, Esq., McKee Billings, LLC, Augusta, for appellant William M. Peterson

Andrew W. Sparks, Esq., Patrick C. Lever, Esq., and Michael T. Devine, Esq., Drummond & Drummond, LLP, Portland, for appellee The Bank of Maine

**At oral argument:**

Matthew D. Morgan, Esq., for appellant William M. Peterson

Andrew W. Sparks, Esq., for appellee The Bank of Maine

Lincoln County Superior Court docket numbers RE-2013-3, RE-2013-35
FOR CLERK REFERENCE ONLY