MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2015 ME 36
Docket:       Cum-13-584; Cum-13-594
Argued:       September 4, 2014
Decided:      March 24, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, and HJELM, JJ.[*]

RICHARD D. TUCKER et al.

v.

DANIEL G. LILLEY et al.

*****

TROUBH HEISLER, P.A.

v.

DANIEL G. LILLEY LAW OFFICES, P.A. et al.

MEAD, J.

[¶1]  In these related cases, all parties are practicing Maine attorneys or Maine law firms.  In both matters, (1) complaints, cross-claims, and counterclaims were filed in the Superior Court (Cumberland County, *Wheeler, J.*) asserting various theories of entitlement to all or part of a $1.24 million attorney fee generated in a civil judgment in another matter; (2) the court denied the motion of Daniel G. Lilley and Daniel G. Lilley Law Offices, P.A., to consolidate the matters for trial; and (3) the court proceeded to dispose of the cases through summary

---

[*] Silver, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

judgment on some claims, and dismissal or severance of others. Because we conclude that, with one exception, the court erred in denying the motion to consolidate the claims, we vacate the judgments except for that single claim and remand for further proceedings.

## I. BACKGROUND

A. *Tucker v. Lilley et al.*

[¶2] The summary judgment record in *Tucker v. Lilley et al.* supports the following facts. Richard D. Tucker, John P. Flynn III, and Daniel G. Lilley are practicing Maine attorneys. In 2005, Paula Braley (now DeKeyser) met with Tucker to discuss a potential lawsuit following the death of her husband at Eastern Maine Medical Center. Tucker obtained medical records and investigated the claim. In 2006 he consulted with Flynn, then a member of the law firm of Troubh Heisler, P.A. (Troubh), concerning the possibility of Flynn becoming lead counsel in the case, which Flynn ultimately agreed to do.

[¶3] Tucker and Flynn stated by affidavit or in deposition that at a September 27, 2006, meeting with Braley and her brother at Tucker's office, Braley agreed to a fee-sharing arrangement between Tucker and Flynn that would keep both attorneys involved in her case for the same total fee. The attorneys stated that their agreement was for Tucker to receive 25% of any contingent fee earned in return for his referral and continued involvement in the case. Braley

executed an affidavit that does not reference the 25% figure, but states that she consented to the fee-sharing arrangement and that she signed a contingent fee agreement with Flynn. Lilley disputes the existence of the contingent fee agreement because neither an original nor a copy bearing the parties' signatures has been produced in this litigation.

[¶4] In 2009, Flynn left Troubh to join Daniel G. Lilley Law Offices, P.A. (LLO). Braley elected to have Flynn continue as her attorney following the move and signed a contingent fee agreement with LLO. In June 2011, while Flynn was working for LLO, Braley's case went to trial with Flynn acting as her sole trial counsel, resulting in a large jury verdict for Braley.

[¶5] Flynn left LLO in July 2011 to open his own practice. Braley again followed Flynn and signed a new contingent fee agreement with him that provided for a 40% contingent fee. In April 2012, the Superior Court granted a petition brought by Braley and Flynn for approval of the agreed-upon 40% attorney fee. *See* 24 M.R.S. § 2961(3) (2014). Through an agreement among Tucker, Flynn, Lilley, and Troubh, $1,240,000 in attorney fees was deposited in an escrow account pending the outcome of this and related cases. Relevant to this case, Tucker asserts that he is entitled to 25% of the escrowed amount, or $310,000, and Flynn concurs. Lilley asserts that his firm is entitled to the entire $1.24 million.

4

[¶6]  In February 2012, Tucker filed a complaint against Lilley, LLO, and Flynn, seeking either a declaration that he is owed 25% of any contingent fee received in the Braley matter or a judgment for that amount.  Lilley moved to consolidate the complaint with several other cases involving disputes over the division of attorney fees resulting from Flynn's representation of Braley and other clients; the court denied the motion after a hearing.  Lilley then moved for summary judgment, as did Tucker.  In July 2013, the court entered a decision denying Lilley's motion and granting Tucker summary judgment against Flynn, Lilley, and LLO in the amount of $310,000 plus interest.  Following Flynn's voluntary dismissal of his cross-claims against Lilley, the court entered a final judgment pursuant to M.R. Civ. P. 54(b)(1).

B.  *Troubh Heisler, P.A. v. Lilley Law Offices, P.A. et al.*

[¶7]  Troubh's complaint against LLO also arises from Flynn's representation of Braley, and it concerns the same $1.24 million in attorney fees held in escrow.  When Flynn left Troubh to join LLO, he negotiated a separation agreement (SA) with Troubh containing terms concerning the return of his share of the firm's capital.  The SA was signed by Flynn and Troubh.  Separately, Troubh, Flynn, and LLO negotiated a memorandum of agreement (MOA), signed by those three parties, concerning referral fees due Troubh in Flynn's cases that moved with

him to LLO.  The MOA lists a 20% fee in the Braley case.  The SA explicitly incorporates the MOA; the MOA, however, is silent as to the SA.

[¶8]  Following the Braley judgment, Troubh asserts that, pursuant to the MOA, it is entitled to 20% of the total attorney fees in escrow; LLO asserts that it is entitled to the entire amount; and Flynn, contending that Troubh breached the SA by failing to return his full capital share and thereby nullified the MOA, asserts that Troubh is owed nothing, or, alternatively, is owed 20% of the escrowed fees remaining after Tucker takes 25%.

[¶9]  In March 2012, Troubh filed a complaint against LLO and Flynn alleging breach of contract and seeking a judgment against them jointly and severally for 20% of $1.24 million ($248,000).  LLO's answer included a cross-claim against Flynn, asserting that Flynn was obligated to pay any fee due Troubh.  Flynn's answer included a similar cross-claim against LLO, and also included a counterclaim against Troubh, asserting in part that Troubh had fraudulently induced Flynn to agree to the MOA by promising him that he would be paid his full capital share upon leaving the firm.  LLO again moved to consolidate the complaint with several other cases involving the division of attorney fees awarded in Flynn's cases, including Tucker's claim to 25% of the Braley fee; Flynn agreed to consolidation and Troubh objected to it.  Following a hearing, the motion was denied.

6

[¶10]    Troubh moved for summary judgment and to sever Flynn's counterclaim.  LLO cross-moved for summary judgment.  After hearing, the court entered an order (1) granting Troubh summary judgment for $248,000 against LLO and Flynn, jointly and severally, together with interest and costs; (2) denying LLO summary judgment; (3) dismissing Flynn's cross-claim against Lilley; and (4) severing and setting for trial Flynn's counterclaim against Troubh.

## II.  DISCUSSION

A.    Tucker's Claim Against Flynn

[¶11]    The standard of review on a grant of summary judgment is well established:

> Summary judgment is properly granted if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law.  We review de novo whether, on a motion for summary judgment, a dispute of material facts exists and whether the entry of a summary judgment was proper as a matter of law.  For purposes of this review, we consider the evidence in the light most favorable to . . . the party against whom judgment has been entered.

> A fact is material if it has the potential to affect the outcome of the suit, and a genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth, even if one party's version appears more credible or persuasive.  The nonmoving party is given the full benefit of all favorable inferences that may be drawn from the facts presented.

*Angell v. Hallee*, 2014 ME 72, ¶¶ 16-17, 92 A.3d 1154 (citations and quotation marks omitted).

[¶12]   Here, Flynn answered Tucker's complaint by admitting that several years before Flynn joined LLO, "Tucker had an enforceable contractual relationship with Flynn . . . under which Tucker was to receive 25% of any contingent fee earned in the Braley matter."  This aspect of Flynn's answer to the complaint by itself establishes these facts as to Flynn.  *See* M.R. Civ. P. 8(d).  Additionally, Flynn later averred that he "agreed to a 25% fee share of the fees recovered to attorney Tucker because, in part, [Tucker] would remain involved in the litigation."   Braley's affidavit confirmed her understanding that Flynn and Tucker would divide any contingent fee earned.  The Superior Court correctly found that as to Flynn there was no material dispute of fact concerning the existence and provisions of the agreement because there is no dispute as to its evolution or terms among the three parties who created it.  Lilley had no personal knowledge from which to deny that the agreement existed, and in fact he did not, instead denying that he was "aware" of any agreement.  *See* M.R. Civ. P. 56(e) (requiring that "affidavits shall be made on personal knowledge").

[¶13]   The 2006 fee-splitting agreement was a fully established contract among Braley, Tucker, and Flynn well before Flynn went to LLO.  The fact that Flynn brought his client with him when he joined LLO does not extinguish that contract as it pertains to Tucker, nor is its validity determined by whether Lilley or any other third party was aware of it.  Lilley's lack of awareness might well be an

8

issue in separate litigation between Lilley and Flynn in determining who ultimately pays Tucker's fee, but it is irrelevant to the question of whether the agreement that Tucker was due a fee existed and, if so, its terms. For these reasons, we affirm the court's entry of summary judgment on Tucker's claim against Flynn.

B.      Tucker's Claim Against Lilley and LLO

[¶14]  The same result does not follow concerning Tucker's separate claim against Lilley and LLO, however, because, notwithstanding the established fee-sharing agreement between Tucker and Flynn, a genuine dispute of material fact remains concerning (1) whether, when Flynn joined LLO, Lilley also agreed to pay Tucker a fee, and (2) if he did agree, whether he agreed to a 25% fee or a lesser amount. The unresolved factual disputes are illustrated by a letter that Flynn, after beginning work at LLO, sent Tucker, confirming that Tucker would be entitled to 25% of any fee Flynn received in the Braley matter, and a contrasting email that Flynn sent Lilley, which discussed the preexisting fee-division arrangements in Flynn's cases and advised Lilley that "in a couple of instances there is also a referral fee to an outside attorney who referred the case to me in the beginning. In other words, an additional 20% fee . . . [in] Braley . . . ." Although Tucker was entitled to his judgment against Flynn, the contrasting letter to Tucker and email to Lilley that Flynn sent generates a genuine issue of material fact that precludes entry of summary judgment against Lilley.

[¶15]  Because resolving these disputes will require a fact-finder "to choose between competing versions of the truth at trial," *McClare v. Rocha*, 2014 ME 4, ¶ 10, 86 A.3d 22 (quotation marks omitted), the court erred in entering summary judgment on Tucker's claim against Lilley and LLO.

C.    Consolidation

[¶16]  By rule, "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . ." M.R. Civ. P. 42(a).  "[T]he power to order consolidation is within the [c]ourt's discretion."  *Maietta v. Int'l Harvester Co.*, 496 A.2d 286, 291 (Me. 1985). Although this standard of review is deferential, it does not give a trial court unfettered discretion to separate cases, or parts of cases, when closely-related claims, counterclaims, and cross-claims among the parties directly affect what any particular party may eventually be awarded and which party will be required to pay those awards.

[¶17]  Here, in its summary judgment order, the court adjudicated several of the interrelated contract claims, yet several important claims and issues in the two cases remain unresolved.  They include (1) whether Lilley (as opposed to Flynn) owes Tucker no fee, as Lilley claims; 25%, as Tucker and Flynn claim; or 20%, as Flynn's email to Lilley states; (2) whether Flynn's claim that Troubh breached the SA and thereby nullified its entitlement to a fee under the MOA will be successful,

with the potential result that Troubh is owed nothing; and (3) whatever the fees due Tucker and Troubh may prove to be, which party has to pay them as between Flynn and LLO.[1] We conclude that, with the exception of Tucker's claim against Flynn, these disputes must be resolved in one consolidated action before a single fact-finder, and therefore it was an abuse of discretion for the court to decide some claims, but not others, in piecemeal fashion.[2] *See Bank of Me. v. Peterson*, 2014 ME 155, ¶ 8, 107 A.3d 1122 (stating that review of an exercise of discretion includes an assessment of "whether the court's weighing of the applicable facts and choices was within the bounds of reasonableness"). Lilley's motions to consolidate should have been granted. To that end, we vacate the remaining judgments and dispositions in these two cases.

[¶18] Finally, to the extent that the court's judgment against Flynn may suggest that Tucker is entitled to immediate payment from the attorney fees held in escrow, we make clear that these actions are not in rem proceedings against the money held in escrow. Rather, they are disputes arising from a series of contracts that may—or may not—be related to each other. The escrowed proceeds may—or may not—be sufficient to satisfy any liabilities created by the judgments to be

---

[1] Although not directly related to these appeals, we note that separate litigation between Flynn and Lilley is currently on appeal to this Court as *Daniel G. Lilley Law Office, P.A. v. Flynn*, Cum-14-333.

[2] Because they are not before us, we do not decide whether other cases cited in Lilley's motion not involving the Braley matter should also be consolidated.

entered in these actions. Accordingly, our opinion should not be construed to suggest that the aggregation of judgments that may result from these actions is limited to the amount of attorney fees now held in escrow. Similarly, whatever other avenues Tucker may have to collect on the judgment against Flynn, any distribution of the escrowed funds, which may or may not prove to include the amount that Flynn owes Tucker, must await resolution of the consolidated cases.

The entry is:

> Summary judgment on Tucker's complaint against Flynn affirmed. All other judgments and dispositions of claims vacated. Remanded with instructions to grant the motions to consolidate and for further proceedings.

---

**On the briefs:**

Walter F. McKee, Esq., and Matthew D. Morgan, Esq., McKee Billings, LLC, P.A., Augusta, for appellants Daniel G. Lilley and Daniel G. Lilley Law Offices, P.A.

Mark V. Franco, Esq., and Jason P. Donovan, Esq., Thompson & Bowie, LLP, Portland, for appellant John P. Flynn III

Julian L. Sweet, Esq., Berman & Simmons, P.A., Lewiston, for appellee Richard D. Tucker

Gerald F. Petruccelli, Esq., Petruccelli, Martin & Haddow, LLP, Portland, for appellee Troubh Heisler, P.A.

**At oral argument:**

Walter F. McKee, Esq., for appellants Daniel G. Lilley and Daniel G. Lilley Law Offices, P.A.

Mark V. Franco, Esq., for appellant John P. Flynn III

Julian L. Sweet, Esq., for appellee Richard Tucker

Gerald F. Petruccelli, Esq., for appellee Troubh Heisler, P.A.

Cumberland County Superior Court docket numbers CV-2012-75 and 103
FOR CLERK REFERENCE ONLY