MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2015 ME 134
Docket:       Cum-14-333
Argued:       September 17, 2015
Decided:      October 20, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, and HJELM, JJ.

## DANIEL G. LILLEY LAW OFFICE, P.A. et al.

v.

## JOHN P. FLYNN III

MEAD, J.

[¶1]  John P. Flynn III appeals, and Daniel G. Lilley Law Office, P.A. (LLO) and Daniel G. Lilley cross-appeal,[1] from an amended civil judgment entered in the Superior Court (Cumberland County, *Cole, J.*) following a jury trial.  In accordance with the jury's verdict, the judgment awarded Flynn unpaid salary from his tenure at LLO and apportioned attorney fees between the parties in cases that Flynn brought to LLO from his former law firm.

[¶2]  Flynn contends that the court erred by (1) amending its judgment, (2) submitting certain questions concerning the parties' employment agreement to the jury, and (3) declining his request to order LLO to turn over financial records in discovery.  He also asserts that the jury's findings concerning fee division and

---

[1]  Daniel G. Lilley, Esq., is the principal of Daniel G. Lilley Law Office, P.A (LLO).  Where an action discussed is attributable to one or the other, this opinion does so.  If it is unclear whether an act is attributable to Lilley, LLO, or both, the terms "Lilley" and "LLO" may be considered one and the same.

the question of which party breached the employment agreement were unsupported by the evidence. LLO contends that the court was required as a matter of law to rule in its favor on Flynn's claim for unpaid salary, and that in one of the disputed cases Flynn accepted $50,000 as an accord and satisfaction and was therefore entitled to no more.

[¶3] We conclude that the court (*Wheeler, J.*) abused its discretion in declining to consolidate this case with the closely-related cases at issue in *Tucker v. Lilley*, 2015 ME 36, 114 A.3d 201, as both parties urged it to do. For that reason, we vacate the amended judgment and remand with instructions to grant LLO's motion to consolidate.

## I. BACKGROUND

[¶4] The facts are not disputed. As the Superior Court noted in its order on the parties' motions for summary judgment, "[b]roadly speaking, this case arises from an employment relationship that went entirely awry."

[¶5] Flynn and Lilley are both practicing Maine attorneys. *Tucker*, 2015 ME 36, ¶ 2, 114 A.3d 201. In February 2009, Flynn left the law firm of Troubh Heisler (Troubh) to join LLO. *Id.* ¶ 4. Flynn and Lilley entered into a Memorandum of Understanding (MOU) concerning the terms of Flynn's employment at LLO. Nineteen days later, Flynn, LLO, and Troubh entered into a

Memorandum of Agreement (MOA) concerning referral fees due Troubh on cases that went to LLO with Flynn. *Id.* ¶ 7.

[¶6] While at LLO, Flynn obtained favorable verdicts in, inter alia, *Paige v. MMC* and *Braley v. EMMC*, two cases listed in the MOA. In 2010, the *Paige* verdict resulted in approximately $173,000 in attorney fees; following a heated dispute over the amount due Flynn, LLO issued, and Flynn cashed, a check for $50,000 bearing a notation on the memo line "Paige Compensation in full." More than a year later, the *Braley* verdict resulted in $1,240,000 in attorney fees that were placed in escrow until disputes among Flynn, LLO, Troubh, and Attorney Richard Tucker could be resolved. *Id.* ¶¶ 4-5. Flynn left LLO in July 2011 to open his own practice. *Id.* ¶ 5.

[¶7] In September 2011, LLO and Lilley filed a seven-count complaint against Flynn, primarily seeking (1) a judicial declaration that any contingency fees earned in cases that Flynn brought to LLO, as well as in cases that Flynn worked on that originated at LLO, were the property of LLO to be distributed at Lilley's sole discretion; and (2) the return of such fees that Flynn had already received. Flynn filed an answer and a counterclaim. In October 2012, the court denied LLO's motion to consolidate this case with the cases at issue in *Tucker*. *See id.* ¶¶ 6, 9.

4

[¶8]   LLO moved for summary judgment on all counts of Flynn's counterclaim and Flynn cross-moved for partial summary judgment on his claim that the section of the MOU concerning the cases that Flynn brought to LLO from Troubh was an enforceable contract.  The court granted LLO partial summary judgment, allowing Flynn's claims for breach of contract, quantum meruit, and unjust enrichment to proceed to trial, and denied Flynn's motion altogether.

[¶9]  The case was tried to a jury on May 12-16 and May 19-20, 2014.  In its responses on a special verdict form, the jury:

- Awarded Flynn $23,653.72 in unpaid salary
- Found that Flynn was entitled to a bonus from LLO, but awarded $0
- Found that the MOA modified the MOU, and that both parties had breached the MOU as modified
- Split the *Braley* fee 25% to Flynn and 75% to "Attorney Lilley/Daniel G. Lilley, Esq. Law Offices"
- Split the *Paige* fee 90% to Flynn and 10% to "Attorney Lilley/Daniel G. Lilley, Esq. Law Offices"
- Split the fee on remaining Flynn/Troubh cases 25% to Flynn and 75% to "Attorney Lilley/Daniel G. Lilley, Esq. Law Offices"

[¶10]   In July 2014, the court entered judgment after hearing and then denying several post-trial motions, including LLO's request for an equitable accounting and Flynn's motion for a new trial.  Flynn moved to alter or amend the judgment, and then filed a notice of appeal.  LLO cross-appealed.

[¶11]  On February 6, 2015, the court issued an amended judgment that, in part, listed by name the Flynn/Troubh cases subject to a 25% Flynn, 75% LLO split; namely, all of the cases listed in the MOA except *Braley* and *Paige*.[2]

## II.  DISCUSSION

A.    Consolidation

[¶12]  LLO's motion to consolidate in this case, filed on May 14, 2012, and denied by the trial court on October 29, 2012, is the same motion—involving the same cases—that was filed in *Tucker*, where we said that

> [b]y rule, when actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . . M.R. Civ. P. 42(a).  The power to order consolidation is within the court's discretion.  Although this standard of review is deferential, it does not give a trial court unfettered discretion to separate cases, or parts of cases, when closely-related claims, counterclaims, and cross-claims among the parties directly affect what any particular party may eventually be awarded and which party will be required to pay those awards.
>
> Here, in its summary judgment order, the court adjudicated several of the interrelated contract claims, yet several important claims and issues in the two cases remain unresolved.  They include . . . whether Flynn's claim that Troubh breached the [separation agreement between Troubh and Flynn] and thereby nullified its entitlement to a fee under the MOA [between Flynn, Troubh, and LLO] will be successful, with the potential result that Troubh is owed nothing; and [] whatever the fees due Tucker and Troubh may prove to be, which

---

[2]  Flynn's earlier notice of appeal did not bar the court's action because M.R. App. P. 3(b) allows a trial court to act following the docketing of an appeal in the Law Court "in civil cases . . . as is [] necessary . . . to dispose of any timely motion made pursuant to one of the rules enumerated in Rule 2(b)(2) & (3)."  One of the motions listed in Rule 2(b)(3) is "a motion under M.R. Civ. P. 59 to alter or amend the judgment."  M.R. App. P. 2(b)(3).

party has to pay them as between Flynn and LLO. We conclude that, with the exception of Tucker's claim against Flynn, these disputes must be resolved in one consolidated action before a single fact-finder, and therefore it was an abuse of discretion for the court to decide some claims, but not others, in piecemeal fashion. . . . Lilley's motions to consolidate should have been granted. To that end, we vacate the remaining judgments and dispositions in these two cases.

*Id.* ¶¶ 16-17 (alteration, footnotes, and quotation marks omitted).

[¶13] We noted in *Tucker* that "[b]ecause they are not before us, we do not decide whether other cases listed in Lilley's motion not involving the Braley matter should also be consolidated." *Id.* ¶ 17 n.2. The question of whether one of those other cases—the case at bar—should have been consolidated as well, although not raised by the parties, is squarely presented in this appeal. Our view has not changed since *Tucker* was decided. Because this case is an integral member of the set of cases that "must be resolved in one consolidated action before a single fact-finder," *id.* ¶ 17, the trial court's failure to do so was an abuse of discretion requiring that the judgment be vacated.

[¶14] As support for this conclusion, beyond what we said in *Tucker*, we need do no more than agree with both parties' arguments to the trial court in support of consolidation. LLO asserted that

[i]f this [c]ourt was to allow all of these separate actions to proceed in their own ways before different judges and at different times then the only guarantee is that there will be confusion and near certain chaos. There is just no simple way to litigate any one case, as much as everyone would like it to be so, to the exclusion of the others without

unintended consequences. . . . [T]here is no practical way of addressing these cases in the abstract, separately. The appropriate . . . way is to have all of the cases consolidated together, before one judge[.]

Flynn replied that

[a]lthough Flynn basically disagrees with Lilley on virtually all fronts, he agrees with Lilley with respect to the Motion to Consolidate all matters into one matter before a single Justice. Flynn agrees that the issue of apportionment of attorney[] fees between the [various parties] involves interrelated factual and legal issues. Flynn further agrees that there is no practical way of addressing these cases in the abstract, separately. . . . [T]here are countless . . . questions concerning the interrelation between the parties and their claims that will be raised during the course of the litigation.

[¶15] On the authority of *Tucker*, LLO and Flynn are correct—this case must be consolidated with the others and then resolved "before a single fact-finder," not "in piecemeal fashion." *Id.*

B. Interrelationship of the MOU and MOA

[¶16] Because we vacate the judgment on other grounds, it is unnecessary for us to reach the parties' numerous substantive arguments. However, in keeping with our occasional practice to address significant issues that are likely to recur "for the guidance of the court and counsel in the event of a new trial,"[3] we discuss one issue emphasized by the parties that we find to be straightforward, namely Flynn's assertion that the trial court erred in asking the jury to decide whether the

---

[3] *State v. Palmer*, 624 A.2d 469, 471 (Me. 1993) (quotation marks omitted); *see State v. Almurshidy*, 1999 ME 97, ¶ 26, 732 A.2d 280.

MOA modified the earlier MOU. Because, as a matter of law, the unambiguous language of the MOA did not modify the MOU, it was an abuse of discretion to submit that question to the jury. *See Williams v. Inverness Corp.*, 664 A.2d 1244, 1247 (Me. 1995) (stating that a trial court has "broad discretion in framing the interrogatories submitted to a jury in a special verdict form"); *but see Whitehouse v. Bolster*, 95 Me. 458, 461 (1901) ("*If* there were any warrantable inferences to be drawn from the evidence, tending to support the contention of the claimant, the question should have been submitted to the jury." (emphasis added)).

[¶17] The "[i]nterpretation of an unambiguous [contract] provision is a matter of law, and the provision is given its plain, ordinary, and generally accepted meaning." *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 24, 868 A.2d 220 (quotation marks omitted). The MOA makes no reference to the MOU whatsoever. It first recites that it is an agreement among Troubh, Flynn, and LLO, and that it is entered into "in contemplation of Flynn's departure from [Troubh] to work at Lilley." It then goes on to say, in substantive part:

> For those clients whose cases are listed on the attached page who choose to have their cases transferred to Lilley with Flynn, it is the parties' intention that Flynn and Lilley will pay a referral fee to [Troubh] if and when any legal fees are paid to Flynn and/or Lilley.
>
> For each such case, the referral fee paid to [Troubh] will be equal to a percentage of the total fees received by Flynn and or Lilley on that case. The percentage referral fee for each case is listed in the right-hand column of the attached page.

[¶18]  The language of the MOA is simple and unambiguous.  Its purpose and effect is to obligate Flynn and LLO to pay Troubh an agreed-upon referral fee in listed cases when either Flynn or LLO receives any legal fees in those cases.  It is silent concerning how Flynn and LLO are to divide attorney fees *between themselves* in those cases after Troubh's referral fee is paid.  Construing the MOA according to its plain language, it does not, and does not purport to, modify the MOU.  Accordingly, the court erred in submitting the question of whether it did to the jury.

The entry is:

> Judgment vacated.  Remanded with instructions to grant Daniel G. Lilley Law Office, P.A.'s motion to consolidate.

---

**On the briefs:**

> Mark V. Franco, Esq., and Jason P. Donovan, Esq., Thompson & Bowie, LLP, Portland, for appellant John P. Flynn III
>
> Walter F. McKee, Esq., and Matthew D. Morgan, Esq., McKee Billings, P.A., Augusta, for cross-appellant Daniel G. Lilley Law Office, P.A., et al.

**At oral argument:**

Mark V. Franco, Esq., for appellant John P. Flynn III

Walter F. McKee, Esq., for cross-appellant Daniel G. Lilley Law Office, P.A., et al.