MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:       2025 ME 13
Docket:         Was-24-227
Argued:         November 12, 2024
Decided:        February 11, 2025

Panel:          STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

CHARLES S. KEEGAN

v.

ESTATE OF PHYLLIS C. BRADBURY et al.

CONNORS, J.

[¶1]  Charles S. Keegan appeals from the judgment of the Superior Court (Washington County, *A. Murray, J.*; *Stewart J.*) dismissing his complaint for failure to state claims upon which relief could be granted.  *See* M.R. Civ. P. 12(b)(6).  The question presented is whether the language of a purchase and sale agreement gave Keegan a right of first refusal to purchase property that the estate of Phyllis C. Bradbury and its representatives, William E. Bradbury and Barbara A. Shuffler (the Estate Defendants), sold to defendants Craig J. and Melissa M. Holmes.  Because we agree with the Superior Court that the plain language of the agreement did not provide for a right of first refusal, we affirm.

## I. BACKGROUND

[¶2]  In May 2023, Keegan filed a complaint containing three counts: (I) against all defendants, seeking a declaration that Keegan had a legally enforceable right of first refusal to the purchase of a lot at 1 Lower High Street in Eastport (the subject lot); (II) against the Estate Defendants, alleging breach of contract for violating the terms of Keegan's right of first refusal; and (III) against all defendants, for rescission and a claim of equity pursuant to 14 M.R.S. § 6051 (2024).[1]  Included in the request for relief was a claim for attorney fees as provided in the mediation provision of the 7 Lower High Street purchase and sale agreement.  Keegan attached a copy of the agreement to his complaint.

[¶3]  The complaint alleges that in 2021, Keegan bought the parcel at 7 Lower High Street from the Estate Defendants.  Keegan characterizes Section 26 of the purchase and sale agreement as granting him a right of first refusal to buy the subject lot.  Section 26 reads as follows:

---

[1] Count III relied on 14 M.R.S. § 6051 (2024) for the Superior Court's authority to order recission. Section 6051(13) provides the Superior Court with full equity jurisdiction "according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy at law."

26. OTHER CONDITIONS: **Buyer would like the Right of First Refusal on the sale of abutting lot if ever sold**
Map k-7 Lot 1

[¶4]   Keegan alleges that the Estate Defendants acknowledged the existence of this right of first refusal in September 2022, when their agent reached out to Keegan to see whether he wanted to exercise the right.  Keegan informed the agent that he was interested in exercising the right, but to do so, he needed to see a signed purchase and sale agreement with the third-party buyer contingent on him releasing the right of first refusal.  Keegan alleges that he told the Estate Defendants he would happily match the third party's terms once he had "confirmation of a bona fide third party offer."  The complaint alleges that the Estate Defendants then sold the abutting property to the Holmeses.

[¶5]  In January 2024, the Superior Court (*A. Murray J.*) entered an order granting the Estate Defendants' motion to dismiss, concluding that Section 26 was clear and did not create a right of first refusal; its precatory language reflected a buyer's wish and not a mutual intent to be bound.  Keegan filed a notice of appeal in February 2024, which we dismissed as interlocutory.  The Holmeses then filed a similar motion to dismiss, which the Superior Court (*Stewart, J.*) granted, relying on the grounds for the previous dismissal as the

4

law of the case applicable to the claims against the Holmeses. That order disposed of all the remaining claims against all the defendants, and the court entered final judgment on April 18, 2024. Keegan timely appealed. *See* M.R. App. P. 2B(c)(1); 14 M.R.S. § 1851 (2024).

## II. DISCUSSION

[¶6] When reviewing the Superior Court's dismissal of a complaint based on Rule 12(b)(6), we review the legal sufficiency of the complaint de novo, viewing the alleged facts in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief under some legal theory.[2] *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254; *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. We are not bound to accept legal conclusions stated in a complaint. *Pacheco v. Libby O'Brien Kingsley & Champion, LLC*, 2022 ME 63, ¶ 6, 288 A.3d 398.

[¶7] The parties do not dispute that the purchase and sale agreement is an enforceable contract. Instead, they disagree on whether Section 26 of the agreement creates an enforceable right of first refusal. The first step in interpreting a contract provision is to determine whether that provision is

---

[2] A court may consider documents attached to the complaint if, as here, their authenticity is not challenged. *Andrews v. Sheepscot Island Co.*, 2016 ME 68, ¶ 8, 138 A.3d 1197.

ambiguous. *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 24, 868 A.2d 220. A provision is ambiguous only "if it is reasonably possible to give that provision at least two different meanings." *Id.* (quotation marks omitted). If the provision is clear, its interpretation "is a matter of law, and the provision is given its plain, ordinary, and generally accepted meaning." *Daniel G. Lilley Law Off., P.A. v. Flynn*, 2015 ME 134, ¶ 17, 129 A.3d 936 (quotation marks omitted).

[¶8] Despite being placed in the "OTHER CONDITIONS" section of the purchase and sale agreement, the Section 26 language is clear and does not create an enforceable right of first refusal. The statement, "Buyer would like the Right of First Refusal on the sale of abutting lot if ever sold," does not lend itself to multiple interpretations. Rather, it expresses the buyer's wish to engage in a future transaction. This expression of a wish does not create the necessary manifestation of mutual assent to be bound by the provision. *See McClare v. Rocha*, 2014 ME 4, ¶ 16, 86 A.3d 22.

[¶9] The crucial language in this analysis is the phrase "would like." One leading dictionary defines "would" as used "to express desire of intent." *Would*, American Heritage Dictionary (5th ed. 2017). Another defines "like" as expressing a wish or want. *Like*, New Oxford American Dictionary (3rd ed.

2010) ("wish for; want: . . . *we would like for you to work for us*"). Thus, "would like" is a precatory phrase that is insufficient to create a binding contractual provision. *See Precatory Word*, Black's Law Dictionary (12th ed. 2024) ("Collectively, expressions of requests, desires, or recommendations, as distinguished from commands, esp. in a will or deed. • Generally, *precatory words are not recognized as legally enforceable instructions.*" (emphasis added)); *Precatory*, Black's Law Dictionary (12th ed. 2024) ("requesting, recommending, or expressing a desire rather than a command. • An example of precatory language is 'it is my wish and desire to . . .'"); *see also* Restatement (Second) of Contracts § 17 (Am. L. Inst. 1981) ("[T]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration."); *Aroostook Valley R.R. Co. v. Bangor & Aroostook R.R. Co.*, 455 A.2d 431, 433 (Me. 1983) (concluding that the contractual language "the parties *may* negotiate new or other clauses" was precatory and should be construed as "permissive and discretionary, not mandatory" (quotation marks omitted)).

[¶10]  This conclusion is underscored by the lack of any procedure for exercising the purported right or any indication of how long any right of first refusal would last.  A right of first refusal imposes a restraint on alienation, and

unreasonable restraints are not enforceable. *See* Restatement (Third) of Property (Servitudes) § 3.4 (Am. L. Inst. 2000). Without any limits or detail, an actual right of refusal would likely be deemed an unreasonable restraint on alienation. *See Low v. Spellman*, 629 A.2d 57, 59 (Me. 1993). For this reason, as well as the rule disfavoring restraints on alienation, bare precatory language cannot be construed as imposing a binding obligation. *See* 61 Am. Jur. 2d *Perpetuities, Etc.* § 92 (2024) ("It is a well-established rule that restraints on alienation are not favored . . . . Any restriction or prohibition against transfer acts as a restraint on alienation and should be strictly construed against the party urging the restriction. Stated conversely, restrictions on the alienation or sale of real property are strictly construed in favor of the free use of land whenever strict construction does not contradict the plain and obvious purpose of the contracting parties." (footnotes omitted)).

[¶11] Because Keegan does not have an enforceable right of first refusal to purchase the subject lot, his complaint fails as a matter of law.[3] Count I of Keegan's complaint seeks, inter alia, a declaration that he has an enforceable right of first refusal to the subject lot. This count fails to state a claim upon

---

[3] Because we conclude that Section 26 of the 7 Lower High Street purchase and sale agreement is clear and its plain language does not create an enforceable right of first refusal as to the subject lot, we do not address the parties' arguments regarding the rule against perpetuities and attorney fees.

which relief can be granted because the Uniform Declaratory Judgments Act does not create a "claim in the absence of injury." *Ten Voters of City of Biddeford v. Biddeford*, 2003 ME 59, ¶ 7, 822 A.2d 1196. Count II of the complaint fails for a similar reason. Without a breach of the contract, there is no cause of action. *See Tobin v. Barter*, 2014 ME 51, ¶ 10, 89 A.3d 1088. Because Section 26 did not create any enforceable obligations on the parties, failure to adhere to Keegan's interpretation of its precatory terms is not a breach. Finally, Count III (rescission and claim of equity) does not state a claim upon which relief could be granted because Section 26's precatory language does not create an enforceable right of first refusal. *Cf. Van Dam v. Spickler*, 2009 ME 36, ¶¶ 9, 17, 968 A.2d 1040 (discussing how violating a valid right of first refusal may subject a third-party purchaser to a decree of specific performance).

The entry is:

Judgment affirmed.

---

James A. Hopkinson, Esq., and Gerald B. Schofield, Jr., Esq. (orally), Hopkinson & Abbondanza, P.A., Portland, for appellant Charles S. Keegan

Benjamin P. Campo, Jr., Esq. (orally), Douglas McDaniel & Campo LLC, PA, North Yarmouth, for appellee Craig J. Holmes and Melissa M. Holmes

Barry K. Mills, Esq. (orally), Hale & Hamlin, LLC, Ellsworth, for appellees Estate of Phyllis C. Bradbury, William E. Bradbury, and Barbara Anne Schuffler

Washington County Superior Court docket number RE-2023-6
FOR CLERK REFERENCE ONLY