2004 ME 89

**Joseph SOLEY et al.**

v.

**Jeffrey KARLL et al.**

Supreme Judicial Court of Maine.

Argued: April 14, 2004.

Decided: July 19, 2004.

---

David K. Chamberlain, Esq. (orally), Ainsworth, Thelin, Chamberlain & Raftice, P.A., South Portland, for plaintiff.

David J. Van Baars, Esq. (orally), Shankman & Associates, Brunswick, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Jeffery Karll and G.O.N.E., Inc. appeal from the judgment of the Superior Court (Cumberland County, *Warren, J.*) awarding breach of contract damages to Joseph Soley in the amount of $45,000 and to Lincoln Center Management LLC in the amount of $25,472.58. Karll and G.O.N.E. contend that the court erred in determining the amount of damages. Although we affirm the damages to Soley, we vacate the portion of the judgment awarding damages of $18,774.40 to Lincoln Center Management for the attorney fees it paid Soley's attorneys in the G.O.N.E. bankruptcy proceeding and in the District Court forcible entry and detainer action. We remand the matter for clarification and further findings.

## I. BACKGROUND

[¶ 2] Soley leased premises in Portland to Karll in which Karll operated a restaurant. Lincoln Center Management is an entity wholly owned by Soley, which makes payments on Soley's obligations. G.O.N.E. is a Massachusetts corporation wholly owned by Karll.

[¶ 3] Prior to 2002, Soley and Karll had various problems, which they attempted to resolve in a memorandum of understanding dated January 10, 2002. The memorandum terminated their lease, and Karll agreed to vacate the leased premises by May 26, 2002. Karll agreed that he and G.O.N.E. would turn over the premises to Soley with all restaurant equipment and inventory. The memorandum contained several monetary provisions including an amount paid by Soley to Karll and a security deposit paid by Karll to Soley.

[¶ 4] In anticipation of the May 26 date by which Karll and G.O.N.E. were to vacate the premises, Soley marketed the premises through a real estate broker. Soley signed a three-year lease with a new tenant, Wharf Street Commissary, to operate a restaurant on the premises commencing June 1, 2002.

[¶ 5] Karll and G.O.N.E did not vacate the premises as agreed. After legal skirmishes in both the United States Bankruptcy Court and the Maine District Court, Soley obtained a writ of possession against Karll and G.O.N.E., and both vacated the premises on July 20, 2002.

[¶ 6] Because of the condition in which Karll left the premises, Wharf Street Commissary was not able to open its restaurant immediately. Although the Commissary operated successfully in August, business fell off after Labor Day, and the Commissary closed thereafter. Soley again marketed the premises through a real estate broker and found another tenant. The Commissary paid only $2000 in rent to Soley, but Soley took no collection action because it was not the Commissary's fault that it could not start operating the restaurant on June 1, 2002, and the late start caused its failure.

[¶ 7] Soley sued Karll and G.O.N.E. for breach of contract. Following a bench trial, the court found the memorandum of understanding to be a binding contract applicable to Karll and G.O.N.E., which they breached when they did not vacate the premises as agreed. The court found that Soley lost $45,000 that he would have received from the Commissary but for Karll and G.O.N.E.'s breach. The court also found that Soley incurred an $8000 broker's fee and a $1198.18 water bill, paid by Lincoln Center Management, as a result of the breach. Additionally, the court found that Soley incurred attorney fees of $18,774.40 as a result of the breach, which were paid by Lincoln Center Management. The court awarded a judgment of $45,000 to Soley and $25,472.58 to Lincoln Center Management.

## II. DISCUSSION

[¶ 8] Karll does not appeal from the finding that he and G.O.N.E. breached the memorandum of understanding. He appeals only the amount of damages. None of his contentions are worthy of discussion except his contention that the damages should not have included attorney fees.[1] The Superior Court awarded Lincoln Center Management, which had paid Soley's attorney fees, damages in the amount of the attorney fees that Soley incurred in the bankruptcy court proceeding and the District Court forcible entry action. Whether the Superior Court was authorized to award damages consisting of attorney fees in this circumstance is a question of law, which we review de novo. *See*

1. Karll failed to preserve two of his issues on appeal: his argument that the security deposit was a liquidated damages amount and his argument that only the Commissary was entitled to bring a claim for interference with its right to possession. With regard to another issue on appeal, mitigation of damages, the court found that Soley mitigated his damages by finding a new tenant as soon as the Commissary vacated and was not required to sue the Commissary for unpaid rent. The court did not clearly err in finding that Soley mitigated his damages.

Other issues raised by Karll include the speculative nature of the damages, including the damages for the broker's fee, and the court's refusal to give Karll credit for the $2000 in rent paid by the Commissary to Soley. There was sufficient evidence for the amount of damages that the court found, and it did not clearly err in finding that Karll's credit of $2000 was offset by the damage he did to the property.

*Baker v. Manter,* 2001 ME 26, ¶ 12, 765 A.2d 583, 585.

[¶ 9] With regard to attorney fees, the evidence demonstrated that a creditor of G.O.N.E. filed an involuntary bankruptcy petition against it in early 2002. Although the bankruptcy court had scheduled a dismissal for June 4, 2002, a few days earlier, Karll filed a motion to convert the matter to a voluntary bankruptcy. The voluntary bankruptcy petition was ultimately dismissed, but it was pending on May 26, 2002, the date by which Karll and G.O.N.E. were to have vacated the premises. To institute an eviction action against G.O.N.E., Soley had to request relief from the bankruptcy court. After obtaining a bankruptcy court order allowing him to file a state court forcible entry and detainer action against G.O.N.E., Soley brought the action against G.O.N.E. in the Maine District Court.[2] One of G.O.N.E.'s defenses was that Karll, and not G.O.N.E., was the tenant, although in the bankruptcy proceeding Karll took the position that G.O.N.E., and not Karll, was the tenant. The District Court issued a judgment against G.O.N.E., with a writ of possession to issue. In the meantime, Soley filed a second forcible entry and detainer complaint against both G.O.N.E. and Karll, and he obtained a judgment and writ of possession.

[¶ 10] Maine follows the American rule that litigants bear their own attorney fees in the absence of statutory authority or a contractual provision. *See id.* ¶ 17, 765 A.2d at 586; *Linscott v. Foy,* 1998 ME 206, ¶ 16, 716 A.2d 1017, 1021. There is no statutory authority for the award of fees for Karll's breach, and the memorandum of understanding between Soley and Karll does not contain a provision entitling Soley to attorney fees in the event of a breach. On the contrary, the memorandum of understanding specifically provides that the parties are responsible for their own attorney fees.

[¶ 11] The court stated that it awarded Lincoln Center Management the attorney fees it had paid Soley's attorneys in the bankruptcy and forcible entry actions as damages. The American rule does not generally authorize an award of attorney fees as damages in a breach of contract action.[3] *See Biddle v. Chatel, Wise & Gilliat, Inc.,* 421 A.2d 3, 7 (D.C. 1980). However, we have recognized an exception to the American rule that allows the award of attorney fees for egregious conduct. *Linscott,* 1998 ME 206, ¶ 16, 716 A.2d at 1021. Although the court here stated that it awarded the attorney fees as damages, the findings of the court suggest that it had the egregious conduct exception in mind. The court stated:

> [T]his bankruptcy petition, that is to say the voluntary bankruptcy, was filed solely for the purpose of delay and delay was precisely what Mr. Soley had con-

---

2. The plaintiff named in the forcible entry and detainer action was actually Monopoly, Inc., a corporation owned by Soley.

3. Some jurisdictions recognize the collateral litigation exception to the American rule and award attorney fees for prior collateral litigation with a third party caused by the defendant's breach of contract or duty. *City of Cottleville v. St. Charles County,* 91 S.W.3d 148, 151 (Mo.Ct.App.2002). Similarly, other jurisdictions award attorney fees as damages when the tortious conduct of the defendant caused the plaintiff to prosecute or defend an action with a third party, but not when the attorney fees were incurred in an action between the same plaintiff and defendant. *Biddle v. Chatel, Wise & Gilliat, Inc.,* 421 A.2d 3, 7 (D.C.1980) (explaining the wrongful involvement in litigation exception); *Gavcus v. Potts,* 808 F.2d 596, 599–600 (7th Cir.1986) (applying Wisconsin law); RESTATEMENT (SECOND) OF TORTS § 914(2) (1979). Soley's complaint against Karll did not include such a claim. Maine has not recognized the collateral litigation exception to the American rule, and, at any rate, the instant case did not involve collateral litigation with third parties.

tracted in the memorandum of understanding to protect himself against.

In addition, I also find that there were non-meritorious positions and inconsistent positions amounting to what ... would be characterized as game playing for delay purposes in the bankruptcy action and in the FED, specifically the contention in bankruptcy that G.O.N.E., Inc. was the tenant and ... the contention immediately following the FED that, in fact, Mr. Karll was the tenant and so on those issues, it seems to me that with those facts, I can award attorney's fees and I find that Mr. Karll breached his contract by invoking the bankruptcy process.

[¶ 12] The egregious conduct exception allows a court to award attorney fees for egregious conduct but only in the "most extraordinary circumstances." *Id.* ¶ 17, 716 A.2d at 1021. The *Linscott* case demonstrates extraordinary circumstances justifying an award for egregious conduct. Linscott filed a breach of contract action against Foy and Foy's corporation, SMA Insurance Agency, Inc. While the first action was pending, another of Foy's corporations, Berwick Insurance, Inc., sued Linscott. The court appointed a receiver to manage SMA. The parties executed a settlement agreement, which required Linscott to transfer Berwick stock to Foy and Foy to transfer SMA stock to Linscott. Foy refused to close the transaction, and a trial was held in the original breach of contract action on an amended complaint. The court ordered specific performance,

requiring Foy to close on the transfer of stock. Foy appealed, and we affirmed. *Id.* ¶ 8, 716 A.2d at 1019. Nonetheless, Foy refused to obey the court's order. Instead, he filed lawsuits in federal and state courts in New Hampshire against the receiver and SMA, and in Superior Court in Maine against Linscott, all of which required Linscott to incur attorney fees. *Id.* ¶ 18, 716 A.2d at 1021.

[¶ 13] On a postjudgment motion in the original breach of contract action, the Superior Court ordered Foy to pay Linscott the attorney fees incurred by Linscott in the other actions. *Id.* ¶ 10, 716 A.2d at 1019–20. Foy appealed, and we affirmed the award concluding that Foy's actions in repeatedly refusing to obey a final court order were "unquestionably egregious." *Id.* ¶ 18, 716 A.2d at 1021. We stated that Foy's multiple lawsuits "amounted to little more than collateral attacks" on the final court order. *Id.* We held that Foy's actions were abusive of the court and the other parties and that Linscott would not have incurred the attorney fees but for Foy's refusal to comply with the court order. *Id.* ¶¶ 18, 19, 716 A.2d at 1022.

[¶ 14] Although, here, the Superior Court found that Karll had delayed the eviction proceedings by filing the bankruptcy petition and by taking inconsistent positions in the bankruptcy and forcible entry actions as to whether he or G.O.N.E. was the tenant, it is not apparent that the delay, particularly in the forcible entry proceeding, was an extraordinary circumstance.[4] Unlike Foy who

4. The court made no findings as to the extent of the delay caused by Karll's inconsistent positions concerning whether he or G.O.N.E. was the tenant. The first forcible and detainer action, naming only G.O.N.E. as a defendant, was scheduled for a June 19 hearing but it was delayed twice: once on a motion to continue by G.O.N.E. and once on a motion to continue by Monopoly. Although the hearing took place on July 3, the judgment against G.O.N.E. was not issued until July 12, with

the writ of possession to issue in seven days, or on July 19. In the meantime, Soley had filed the second forcible entry action naming both Karll and G.O.N.E. as defendants, and it was heard on July 17 as an uncontested matter. The court ordered the immediate issuance of the writ of possession pursuant to 14 M.R.S.A. § 6017(3) (2003). Therefore, it is not readily apparent that Karll's inconsistent positions, which were the cause of the second

repeatedly refused to obey a court order and filed several collateral attacks on the court's judgment, we can discern no evidence that Karll and G.O.N.E. refused to obey a court order or collaterally attacked the court's judgment.

[¶ 15] Because the court stated that it was awarding attorney fees as damages and because an award of attorney fees for prior litigation between the parties is prohibited by the American rule, where no contract or statute authorized the award, we vacate the award of fees and remand to the court to clarify whether it intended to award fees under the egregious conduct exception and, if so, to make findings as to the extraordinary nature of the conduct.

The entry is:

The portion of the judgment awarding damages to Lincoln Center Management against Karll and G.O.N.E. representing attorney fees is vacated and remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

forcible entry action, delayed the forcible en-