STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-333

2004 OCT 22 A 8:23 TDW-CUM-10/22

JOSEPH SOLEY, et al,

      Plaintiffs

v.

JEFFREY KARLL, et al

      Defendants

JUDGMENT AND ORDER
ON REMAND

NOV 2004

On July 19, 2004 the Law Court vacated the September 16, 2003 judgment entered in the above-captioned case to the extent that it had awarded $18,774.40 in attorneys fees to plaintiff Lincoln Center Management ("Lincoln") and remanded the case for clarification and further findings on that issue. Soley v. Karll, 2004 ME 89, 853 A.2d 755. The remainder of the judgment ($45,000 to Joseph Soley and $6,698.18 to Lincoln) was affirmed.

On the issue that has been remanded, this court had previously concluded that Lincoln was entitled to the $18,774.40 in attorneys fees as consequential damages for defendants' breach of contract. However, the Law Court ruled that contract damages in the form of attorneys fees were unavailable under the circumstances of this case and remanded for consideration of whether Lincoln should nevertheless be awarded attorneys fees because defendants' conduct was sufficiently egregious to justify a departure from the American rule under Linscott v. Foy, 1998 ME 206 ¶16-17, 716 A.2d 1017, 1021. Specifically, the Law Court sought clarification as to whether this court had

intended to award fees under the egregious conduct exception and if so, to make findings as to the extraordinary nature of the conduct. See 2004 ME 89 ¶15.

In its findings of fact and conclusions of law set forth on the record on August 14, 2003 the court made a finding that defendants had acted in bad faith in connection with G.O.N.E., Inc.'s voluntary bankruptcy proceeding and in connection with the forcible entry and detainer actions that were filed in June and July of 2002. See Tr. of August 14, 2003 at 693, 695-97. The court found that, as to the entire litigation before the court, defendants had not engaged in the kind of pervasive bad faith that would justify an award of all the attorneys fees that plaintiffs had incurred in litigating the action. Id. at 695, 697. The court expressed the view in passing that if the issue were limited to attorneys fees only for the bankruptcy and FED proceedings, defendant Karll's bad faith "would have triggered fees." Id. at 696. However, it ultimately did not reach that issue because it had already awarded attorneys fees for the bankruptcy and FED proceedings as contract damages. Id. at 697.[1]

In light of the Law Court's remand, the court must now reach the issue whether defendants' bad faith conduct in the bankruptcy and FED proceedings was sufficiently egregious to justify imposing on defendants the $18,744.40 in attorneys fees that plaintiffs expended in those cases. The teaching of Linscott is that an award of attorneys fees for egregious conduct should be made only in the "most extraordinary circumstances." 1998 ME 206 ¶ 17, 716 A.2d at 1021. What must be shown is a clear

---

[1] At that time the court also expressed some uncertainty as to whether it could parse out the bankruptcy and FED actions for an award of attorneys fees under the egregious conduct exception where it had already concluded that the entirety of defendants' actions did not justify an overall fee award. Id. The court has now concluded that fees may be awarded under Linscott for a portion of the legal proceedings involved where a party's conduct with respect to that portion of the proceedings is significantly egregious to come within the exception to the American rule.

abuse of the litigation process by a party or its counsel or significant bad faith on the part of a litigant. Id.

The Law Court's opinion, in the court's view, suggests some doubt on its part that defendants' conduct was sufficiently exceptional and egregious to justify the imposition of fees. See 2004 ME 89 ¶ 14 & n.4. The court has independently reviewed the record in light of the Law Court's remand and concludes that despite the bad faith evinced by defendants in certain of the positions they took during the course of the dispute, attorneys fees can be imposed under Linscott only in the most egregious and extraordinary circumstances, and this case falls short of that category.

The entry shall be:

On remand, judgment shall be entered in favor of defendants on plaintiff Lincoln Center Management's claim for $18,774.40 in attorneys fees. This does not affect the prior $45,000 judgment in favor of plaintiff Soley and the prior $6,698.18 judgment in favor of plaintiff Lincoln Center Management that have been affirmed by the Law Court. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 2 1, 2004

Thomas D. Warren
Justice, Superior Court