STATE OF MAINE
OXFORD, ss.

RECEIVED AND FILED

AUG 0 3 2009

OXFORD COUNTY SUPERIOR COURT
SOUTH PARIS, MAINE

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-16

WINSTON B. JASPER,

Plaintiff,

v.

DAVID W. AUSTIN, ESQ.,
d/b/a Austin's Law Office, and
DANIEL JASPER,

Defendants.

DECISION

Defendants Daniel Jasper and David Austin have moved to dismiss plaintiff Winston Jasper's complaint on separate grounds.

Defendant Jasper's motion centers on two facts. First he had a guardian at all relevant times. He argues that the guardian is an indispensable party who must be joined as a party. Secondly defendant Jasper maintains that an incapacitated person cannot be faulted for executing a contract because such a person has no authority to execute a contract.

Defendant cites no case law in support of his first argument. The only statute he cites states expressly that a guardian shall not be held legally responsible for the conduct of her ward simply because she is a guardian. In the complaint, plaintiff alleges that the guardian was present at the time plaintiff signed the assignment. However, there is no allegation that the guardian knew what defendant had told his father. It may well turn out later in the case that the guardian was somewhat complicit but for the purposes of these motions we are confined to the pleadings. The record at this stage is too thin for a dismissal.

The same is true of the incapacitation argument. There is nothing in the complaint to suggest what kind of incapacitation or what degree of incapacitation affected defendant. Assuming defendant is incapacitated, (the complaint is not even clear on that point) the record will have to be developed before a court could rule that the incapacitation relieved him from all responsibility for the alleged fraud.

As for defendant Austin's motion, it must be denied because the pleadings do not shed any light on what type of hearing, if any, was held by the Board of Overseers before they dismissed the complaint. Nor is it clear from the pleadings what the issues were before the Board.

For the above stated reasons, the clerk will make the following entry by reference:

The motions to dismiss filed by Daniel Jasper and David Austin are denied.

DATED:     July 31, 2009

_William S. Brodrick_
William S. Brodrick
Justice, Superior Court
Active-Retired

2

STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-09-16
RWC — OXF - 5/4/2010

WINSTON JASPER,

    Plaintiff

v.

                              DECISION AND ORDER

DAVID W. AUSTIN, ESQ.,
d/b/a/ Austin's Law Office, and
DANIEL JASPER,

    Defendants.

This matter is before the court on motions for partial summary judgment filed by defendant, David Austin, d/b/a Austin's Law Office, and by plaintiff Winston Jasper. A hearing was held on the motions on March 17, 2010.

A.    Defendant Austin's Motion for Summary Judgment

Defendant Austin claims that he is entitled to summary judgment as to plaintiff's claim for emotional distress (Count XI) and request for attorney fees. The court agrees.

In order to sustain a claim for emotional distress damages in a legal malpractice action, the plaintiff must prove that the defendant caused demonstrable economic loss and, in addition, that the defendant's attorney acted egregiously. *Garland v. Roy*, 2009 ME 86, ¶ 24, 976 A.2d 940, 947-48 (internal citations omitted). Here, the plaintiff contends that his emotional distress was caused by "being tricked into signing the assignment of [the] mortgage," and that defendant Austin is liable to him because of his role in the trickery. (P.S.A.M.F. ¶¶ 25-26.)

The plaintiff's damages relate to his claimed deprivation of property, specifically the monies associated with the assigned mortgage. These damages are "economic, not

personal." *Garland*, 2009 ME 86, ¶ 25, 976 A.2d at 948; (Pl.'s Compl. ¶ 76) ("The conduct of Austin and Sweatt caused severe distress to Plaintiff for his loss of financial benefit from the subject mortgage and promissory note."). Moreover, Defendant Austin's actions as alleged by plaintiff, do not rise to the level of "egregious" conduct within the meaning of the opinion in *Garland*.[1] *Id.* ¶ 26, 976 A.2d at 948. Because the plaintiff's losses are purely economic and because defendant Austin did not act egregiously within the meaning of *Garland*, emotional damages are not recoverable and defendant is entitled to judgment on Count XI.

Defendant Austin also is entitled to summary judgment as to the plaintiff's request for attorney fees. "Maine follows the American rule that litigants bear their own attorney fees." *Soley v. Karll*, 2004 ME 89, ¶ 10, 853 A.2d 755, 758. There are exceptions to this rule, and "[a] court may award attorney fees based on the following: (1) the contractual agreement of the parties, (2) clear statutory authority, (3) the court's inherent authority to sanction egregious conduct in a judicial proceedings." *Baker v. Manter*, 2001 ME 26, ¶ 17, 765 A.2d 583, 586 (internal citations omitted); *see also Linscott v. Foy*, 1998 ME 206, ¶¶ 16-18, 716 A.2d 1017, 1021-22 ("courts should exercise the inherent authority to award attorney fees as a sanction only in the most extraordinary circumstances").

---

[1] The plaintiff argues that the language in *Garland* supports his claim that defendant Austin acted egregiously in its statement that: "emotional distress damages are not recoverable in legal malpractice cases when the only injury is economic, except in situations where the . . . attorney has been untruthful with his clients or has wantonly or willfully disregarded the consequences of his or her actions . . . ." 2009 ME 86, ¶ 26, 976 A.2d at 948. The plaintiff contends that defendant Austin acted egregiously by being untruthful in his recounting of the location of where the assignment was signed. (P.R.S.M.F. ¶ 2) (alleging that defendant Austin "misrepresent[ed] where the assignment of mortgage was signed . . . and . . . never communicat[ed] with [the plaintiff] in any way about the assignment of the mortgage."). The location of where the assignment took place, however, does not impact the plaintiff's underlying cause of action—the loss of the financial benefit of the mortgage. The plaintiff argues that it was defendant Daniel Jasper who lied in order to induce the plaintiff to assign the mortgage, and does not contend that defendant Austin orchestrated the assignment or did anything other than merely prepare documents. The court is reluctant to extend the narrow definition of egregious conduct in legal malpractice cases to include situations involving allegations of untruthfulness made after the initial conduct resulting in a cause of action.

None of the exceptions to the American rule apply here. In these circumstances, the court does not have the inherent authority to award attorney fees as a matter of law, and defendant Austin is entitled to summary judgment as to plaintiff's request for attorney fees.

B.    Plaintiff Winston Jasper's Motion for Summary Judgment

Plaintiff has also filed a partial motion for summary judgment pertaining to defendant Austin[2] on Count V: professional negligence, Count VI: breach of attorney client relationship, and Count VIII: improvident transfer.

In order to prevail on a claim of legal malpractice, a "plaintiff must show (1) a breach by the defendant attorney of the duty owed to the plaintiff to conform to a certain standard of conduct; and (2) that the breach of the duty proximately caused an injury or loss to the plaintiff." *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.,* 2000 ME 214, ¶ 7, 763 A.2d 121, 124 (internal citations omitted). A plaintiff must also demonstrate that the defendant attorney's negligence proximately caused the injury, and that "a more favorable result [would have been achieved] but for the defendant's alleged legal malpractice." *Id.* ¶¶ 8-9, 763 A.2d at 124.

Contrary to the contentions of the plaintiff, there exist issues of material fact as to whether defendant Austin committed legal malpractice in his representation of the plaintiff. Both parties offer substantially different factual scenarios as to how the assignment occurred, and accordingly, it is the responsibility of the "fact-finder [to] choose between [the] competing versions of the truth at trial." *See Parrish v. Wright,*

---

[2] Defendant Daniel Jasper filed an opposition to the plaintiff's motion for summary judgment, despite it being filed as to defendant Austin only, asserting fears that a favorable ruling for the plaintiff on the improvident transfer claim as to defendant Austin would impact the improvident transfer claim as it pertains to defendant Jasper. There are genuine issues of material fact precluding summary judgment in favor of plaintiff.

2003 ME 90, ¶ 8, 828 A.2d 778, 781; *see also Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22.

Similarly, the plaintiff's motion for summary judgment as to the improvident transfer claim must also be denied. The Improvident Transfers of Title Act "compels a court, '[w]hen [it] finds that a transfer of property . . . was the result of undue influence, [to] grant appropriate relief enabling the elderly dependent person to avoid the transfer.'" *Estate of Miller*, 2008 ME 176, ¶25, 960 A.2d 1140, 1146 (citing 33 M.R.S.A § 1023(2)). The determination as to whether the transfer of property in this case was the result of undue influence depends on the facts asserted by the parties. Those facts are material and they are disputed. Summary judgment must be denied.

For the reasons discussed above, the court DENIES the plaintiff's motion for partial summary judgment, and GRANTS defendant Austin's motion for partial summary judgment.

The entry is:

> Plaintiff's motion for summary judgment as to Counts V, VI, and VIII of plaintiff's complaint is denied.
>
> Defendant Austin's motion for partial summary judgment as to Count XI of plaintiff's complaint and on plaintiff's request for attorney fees, is granted.
>
> Judgment for defendant Austin on Count XI and on plaintiff's request for attorney fees.

Dated: _____

Robert W. Clifford
Active Retired Justice

4