MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 135
Docket:        Aro-20-128
Submitted
  On Briefs:   September 29, 2020
Decided:       December 15, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

PAT DOE

v.

MARK FORINO

HORTON, J.

[¶1]  Mark Forino appeals from a judgment of the District Court (Presque Isle, *Dow, J.*) entering a protection from abuse order against him and in favor of his and Pat Doe's[1] two children after a hearing on Doe's complaint for protection from abuse.  *See* 19-A M.R.S. § 4007 (2020).  He argues that the court erred when it denied his motions (1) to dismiss Doe's complaint on res judicata grounds and (2) in limine to exclude evidence relating to the allegations in Doe's previous complaint against him for protection from abuse.  We disagree and affirm the judgment.

---

[1]  In accordance with the Violence Against Women Act, 18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. No. 116-193), we employ the pseudonym "Pat Doe" for the plaintiff in this matter.

## I. BACKGROUND AND PROCEDURAL HISTORY

[¶2]  On May 16, 2019, Doe filed a complaint in the District Court seeking a protection from abuse order against Forino based on an incident that her complaint alleged had occurred on April 20, 2019.  Her complaint stated that she was bringing it individually and on behalf of her three children, the oldest of whom is not Forino's child.  The court (*Daigle, J.*) scheduled a final hearing to be held on June 20, 2019.  Both parties appeared pro se, waived their rights to a hearing, and agreed to the entry of a protection order without a finding of abuse.  The final order was in favor of only Doe and her oldest child and excluded the two younger children.[2]

[¶3]  At the time the court issued its order, bail conditions in a related criminal case prohibited Forino from having contact with the two younger children.  Forino's bail conditions were later amended, however, pursuant to an agreement between him and the State, to permit him to have contact with the younger children.[3]  After Doe learned that Forino's bail conditions no longer prohibited him from having contact with the two younger children, she brought

---

[2] The names of the two younger children are not included in the docket entry for the final hearing and are crossed out of the case caption at the top of the final order.

[3] The record does not reflect the exact date on which the amendment to Forino's bail conditions went into effect, but it was between the issuance of the initial protection order and the filing of Doe's second complaint.

a second complaint for protection from abuse against Forino on January 10, 2020. This second complaint was brought on behalf of the two younger children only. The complaint alleged "the same incident of abuse of [the two younger children]" as was alleged in the first complaint.

[¶4] The court (*Dow, J.*) held a final hearing on the second complaint on March 4, 2020. At the hearing, Forino moved to dismiss Doe's second complaint on the ground that it alleged the same facts as were alleged in her first complaint. Forino also made an oral motion in limine to "exclude whatever the allegations were in the underlying order." The court denied both motions from the bench and proceeded with the hearing.

[¶5] At the conclusion of the parties' evidentiary presentations, Forino again moved for dismissal. The court denied that motion from the bench as well. Immediately following the hearing, the court issued a protection from abuse order in favor of the two younger children, finding that both children were abused as that term is defined in 19-A M.R.S. § 4002(1) (2020). Forino moved for further findings of fact and conclusions of law. *See* M.R. Civ. P. 52(b). The court issued an amended order stating that "the issue of whether or not Mark abused [the two younger children] had been raised but never adjudicated" in the earlier proceeding and maintaining its finding of abuse with

4

regard to the two younger children. The court issued a subsequent order restating its finding of abuse. Forino timely appealed from the judgment. *See* 14 M.R.S. § 1901 (2020); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶6] Forino invokes the doctrine of res judicata to argue that the denials of his motion to dismiss and motion in limine were improper. He relies on both of the two distinct legal theories constituting res judicata—claim preclusion (bar) and issue preclusion (collateral estoppel). *See In re Children of Bethmarie R.*, 2018 ME 96, ¶ 15, 189 A.3d 252.

[¶7] Forino argues that the doctrine of claim preclusion required the court to dismiss the second complaint and that the doctrine of issue preclusion required the court to exclude from the second hearing any evidence related to any of the allegations in Doe's first complaint. Because Forino's issue preclusion argument encompasses every factual allegation raised in Doe's initial complaint for protection from abuse rather than any specific factual issue, it is the functional equivalent of his claim preclusion argument and need not be addressed separately. In addition, Forino's issue preclusion argument

was not developed to the extent that we require for appellate review.[4] Accordingly, only his claim preclusion argument is the subject of our de novo review. *See id.* ¶ 14 ("We review de novo a determination that res judicata does not bar litigation.").

[¶8]  "Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; *and* (3) the matters presented for decision in the second action were, or might have been[,] litigated in the first action."  *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131 (emphasis added) (quotation marks omitted).  The requirements for claim preclusion are stated in the conjunctive.  *See id.*  Therefore, the failure to prove any individual prong means that the second litigation is not barred.  *See Fiduciary Trust Co. v. Wheeler,* 2016 ME 26, ¶ 14, 132 A.3d 1178 (holding that claim preclusion was inapplicable when the defendant met prongs one and two but could not prove prong three).

---

[4] In making his issue preclusion argument, Forino claims that the trial court erred when it denied his motion to "limit the evidence to any facts alleged to have occurred after the entry" of the first order.  However, his argument is limited to a single paragraph and cites no authority for its proposition.  As such, we do not reach the issue and we affirm the trial court's denial of his motion in limine. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 ("We will apply the settled appellate rule . . . that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quotation marks omitted)).

6

[¶9] Forino argues that the doctrine of claim preclusion bars Doe's second complaint because "two separate preliminary orders involving the same parties and the same children were issued by the Presque Isle District Court [and] [s]ubsequently, two final orders were issued as well." A district court's finding that a party to the second litigation was a party to, or in privity with, a party to the first litigation is factual and therefore reviewed for clear error. *See State v. Chan*, 2020 ME 91, ¶ 13, 236 A.3d 471; *In re M.M.*, 2014 ME 15, ¶ 16, 86 A.3d 622.

[¶10] The court's finding that its two final orders adjudicated the claims of two distinct groups of plaintiffs is amply supported by the record. The first final order covers only Doe and her oldest daughter. Although Doe filed her first complaint individually and on behalf of all three children and did receive a temporary order protecting herself and all three children, the two younger children were functionally dismissed as parties prior to judgment because they were not included in the final order that was entered by agreement—there was no finding as to whether or not they had been abused. Because a party whose claim is dismissed prior to judgment is not barred from relitigating the claim unless the dismissal is explicitly with prejudice, *see* M.R. Civ. P. 41(a)(2), the first order was not a final judgment on the merits with respect to the two

younger children. *See In re Kaleb D.*, 2001 ME 55, ¶ 3 & n.4, 769 A.2d 179. In contrast, Doe brought her second complaint only on behalf of the two younger children and not on her own or her oldest child's behalf, and the second final order adjudicates the claims of only the two younger children.[5]

[¶11] However, even when the parties to the second action differ from those in the first, claim preclusion may operate as a bar if the parties in the second action were in privity with those in the first. *See In re M.M.*, 2014 ME 15, ¶ 16, 86 A.3d 622. "Privity exists when two parties have a commonality of ownership, control, and interest in a proceeding." *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 20, 989 A.2d 733. Privity requires that the parties' interests in the first litigation be so intertwined as to "represent one single legal right." *Dep't of Human Servs. ex rel. Boulanger v. Comeau*, 663 A.2d 46, 48 (Me. 1995) (citing Restatement (Second) of Judgments § 41 (Am. L. Inst. 1982)) (holding that a mother and daughter were not in privity when the mother settled her paternity action against a prospective father because that settlement could be "contrary to the interests of her child"). *But cf. Guziejka v. Desgranges*,

---

[5] The case caption for the first order states that Doe appears "individually and on behalf of" her oldest child. The second order's caption reads only that Doe appears "on behalf of" the two younger children. The docket entries for the first complaint for protection from abuse do include the two younger children as parties up until the final hearing date, but the only parties listed in the docket entry for the first order, and on the order itself, are Doe, her oldest child, and Forino.

571 A.2d 32, 34 (R.I. 1990) (concluding that the divergent interests between a mother and daughter blurred when the mother's paternity suit was fully litigated, therefore establishing privity). Forino cannot convincingly contend that the two younger children's interests in being protected from abuse were sufficiently intertwined with Doe's interest in being protected from abuse such that the children's interests were in privity with Doe's, given that he and Doe agreed to sever the younger children's interests from the proceedings on the first complaint and to exclude them from that order. *See Comeau*, 663 A.2d at 48.

[¶12] Because the two younger children were no longer parties to the case as of the entry of the first final order and were not in privity with Doe and the oldest child, Forino fails to meet his burden on the first prong of the claim preclusion analysis, and the court therefore correctly denied his motion to dismiss.

### III. CONCLUSION

[¶13] We have cautioned against a strict and sweeping application of res judicata principles in cases involving children. *See, e.g.*, *In re Children of Melissa F.*, 2018 ME 110, ¶ 7, 191 A.3d 348 (echoing that courts should be cautious in applying res judicata to termination of parental rights proceedings);

*In re Children of Bethmarie R.*, 2018 ME 96, ¶ 15, 189 A.3d 252 (jeopardy proceedings); *Pearson v. Wendell*, 2015 ME 136, ¶ 24, 125 A.3d 1149 (parental rights and responsibilities proceedings); *Guardianship of Jewel M.*, 2010 ME 80, ¶ 41, 2 A.3d 301 (guardianship proceedings). In *Jewel M.* we said that "[p]rinciples of res judicata must be applied with caution in domestic relations cases, as new developments often inform decisions as to what may be in the best interest of a child." *Id.*[6]

[¶14] This case illustrates the need for such caution. It can be inferred that Doe agreed to the exclusion of the two younger children from the first order at least in part because the no-contact condition in Forino's bail conditions at the time obviated the need for a separate order of protection from abuse regarding the children. Thus, the subsequent change in bail conditions changed the dynamic among the children, Doe, and Forino. If Doe's first complaint had been litigated on its merits as to Doe individually and on behalf of all three children, our view might be different. *See In re M.M.*, 2014 ME 15, ¶ 18, 86 A.3d 622 (holding that relitigation of a previously alleged claim of

---

[6] A child protection statute implements this principle in providing that a court must consider and act on a child protection petition "regardless of other decrees regarding a child's care and custody." *See* 22 M.R.S. § 4031(3) (2020); *In re Robin T.*, 651 A.2d 337, 339 (Me. 1994) (holding that res judicata and issue preclusion were not applicable in a child protection case).

abuse was barred by res judicata because the validity of the plaintiff's allegations had been fully adjudicated and resolved in prior hearings).

[¶15] Given frequently changing family circumstances and the summary nature of the procedure on complaints for protection from abuse, the need for caution in applying res judicata is as compelling in cases regarding protection from abuse as it is in divorce, child protective, and other case types in which the care and custody of children is determined. In addition, res judicata should not be applied in a manner that either discourages agreements in these often highly charged cases or that creates a trap for the parties, many of them pro se, who enter into such agreements.

The entry is:

Judgment affirmed.

---

Neil J. Prendergast, Esq., Fort Kent, for appellant Mark Forino

Pat Doe did not file a brief

Presque Isle District Court docket number PA-2020-04
FOR CLERK REFERENCE ONLY