MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2023 ME 11
Docket:      Yor-22-44
Argued:      November 2, 2022
Decided:     January 31, 2023

Panel:        STANFILL, C.J., and MEAD, HORTON, CONNORS, and LAWRENCE, JJ.


CHRISTOPHER INDORF

v.

HEATHER KEEP


LAWRENCE, J.

[¶1]  Christopher Indorf appeals from a judgment of the District Court (Biddeford, *Tice, J.*), applying the doctrine of abatement to dismiss his action for breach of contract[1] and awarding Heather Keep attorney fees.  Because Indorf's contract action should have been consolidated with Keep's partition action, we vacate the court's dismissal of Indorf's complaint and remand for further proceedings.  We also vacate the court's award of attorney fees.

---

[1]  As indicated in the procedural history below, Indorf's complaint contains two counts.  For simplicity, we refer to both counts as Indorf's contract action.

## I. FACTUAL BACKGROUND

[¶2]  The following facts are taken from Indorf's complaint, viewing it in the light most favorable to Indorf and assuming that the factual allegations are true.  *See Wawenock, LLC v. Dep't of Transp.*, 2018 ME 83, ¶ 4, 187 A.3d 609.

[¶3]  The parties formerly lived together at a residence in Saco and are the parents of one minor child.  The parties closed on the Saco property on October 31, 2015, and entered a contract where, in exchange for Indorf assuming sole responsibility for the down payment (approximately $43,000) on the real property, Keep agreed to assume a greater share of the monthly mortgage payments, childcare costs, or both.[2]  Keep also promised that if the parties later separated, Indorf would recover the down payment he provided when the parties calculated their relative equity in the real property.

[¶4]  In May 2019, Keep moved out of the property and filed a partition action.  Keep, through her counsel and in sworn discovery responses, denied the existence of the contract, repudiated the contract, and refused to honor the contract.  As such, Keep has breached or repudiated the parties' contract for

---

[2]  According to the complaint, the parties also agreed to share "the expenses, maintenance, and contributions to the property."

Indorf to recover the down payment he provided in acquiring the real property, which has caused him to suffer damages.

## II. PROCEDURAL HISTORY

[¶5] The parties in this case, having never been married, initiated four separate actions due to the dissolution of their relationship: (1) a parental rights and responsibilities action regarding their minor child; (2) a small claims action regarding their personal property; (3) Keep's partition action concerning their jointly owned home; and (4) Indorf's contract action regarding the alleged agreement the parties made when they purchased their home. This appeal arises from the court's dismissal of Indorf's contract action and the award of Keep's attorney fees in defense of that action.

[¶6] On November 4, 2020, Indorf filed a two-count complaint against Keep, alleging that Keep breached their contract (Count 1) and seeking a declaratory judgment that establishes Keep's equity in the property and declares that Indorf does not need to sell the property unless he lacks the financial capacity to retain it (Count 2). On the same day, Indorf filed a M.R. Civ. P. 42(a) motion to consolidate the parties' small claims, partition, and contract actions.[3] In her answer to Indorf's complaint, Keep raised the

---

[3] We take judicial notice of the dockets and other court records from the parties' separate proceedings. *See Cabral v. L'Heureux*, 2017 ME 50, ¶ 10, 157 A.3d 795. The docket record from the

4

affirmative defense of res judicata and alleged that Indorf filed a "duplicative proceeding" with the intent to "increase [her] legal fees and to cause [her] hardship and further litigation." On July 8, 2021, after the resolution of the parties' parental rights and responsibilities action, Indorf filed a second motion to consolidate the parties' remaining contract and partition actions. The court denied Indorf's motions to consolidate.

[¶7] On October 18, 2021, Keep filed a M.R. Civ. P. 12(c) motion for judgment on the pleadings in the contract action. The court entered its judgment, granting Keep's motion to dismiss and awarding Keep attorney fees, on January 31, 2022. In dismissing Indorf's contract action, the court applied a narrow exception to the Rule 12(c) standard of review—that allows the court to consider an affirmative defense if it is affirmatively demonstrated in the complaint—and considered Keep's affirmative defense of res judicata that she raised in her answer. The court reasoned that, if it were to rule in Indorf's favor and grant him a declaratory judgment, the doctrine of res judicata would prevent the partitioning court from rendering a judgment on the same claims.

---

parental rights and responsibilities action shows that the partition action and the small claims action were scheduled to be heard at the same time as the hearing on the parental rights and responsibilities action; however, the parties both agree that the court never reached the issues in these other actions at that hearing. The hearing on the parties' parental rights and responsibilities action was held on February 24 and 25, 2021, and that action was resolved by final order on June 30, 2021.

The court also reasoned, in the alternative, that if the partitioning court were to make a ruling before the court did, Indorf's contract action would be barred.

[¶8]  Although the court recognized that res judicata did not apply in this circumstance because there was no final judgment in either action,[4] the court concluded that it faced an "inevitable issue of res judicata, also known as abatement," and that dismissal of Indorf's complaint would not substantially harm his rights.  Finally, the court found that, because Indorf had acknowledged that his claims would be adjudicated in Keep's partition action, it was just and proper to award Keep attorney fees for her defense of Indorf's contract action. Indorf timely appealed.  *See* M.R. App. P. 2B(c)(1).

### III.  DISCUSSION

**A.     Motion to Consolidate**

[¶9]  Indorf first argues that the court abused its discretion by denying his motion to consolidate the contract and partition actions.  We review the court's procedural decisions regarding consolidation of hearings for an abuse of discretion.  *See Tucker v. Lilley*, 2015 ME 36, ¶ 16, 114 A.3d 201.

[¶10]   Rule 42(a) "complements the liberal provisions for joinder of claims and parties," M.R. Civ. P. 42 Reporter's Notes December 1, 1959, by

---

[4]  The court, however, never conducted a full res judicata analysis.

allowing the court to consolidate issues or actions that involve "a common question of law or fact," M.R. Civ. P. 42(a). When deciding whether to consolidate, "the court shall give due regard to the convenience of parties and witnesses and the interests of justice." M.R. Civ. P. 42(c). In *Tucker*, we held that the trial court abused its discretion when it denied a party's motions to consolidate several cases regarding the proper allocation of attorney fees in a large jury verdict. 2015 ME 36, ¶¶ 16-17, 114 A.3d 201. We explained that although our "standard of review is deferential, it does not give a trial court unfettered discretion to separate cases, or parts of cases, when closely-related claims, counterclaims, and cross-claims among the parties directly affect what any particular party may eventually be awarded and which party will be required to pay those awards." *Id.* ¶ 16. We held that the trial court's failure to consolidate was an abuse of discretion because "several important claims and issues . . . remain[ed] unresolved" and nearly all of the disputes had to "be resolved in one consolidated action before a single fact-finder." *Id.* ¶ 17.

[¶11] In this case, the court's denial of Indorf's motion to consolidate constituted an abuse of discretion, for two reasons. First, the contract action and the partition action involve common questions of law and fact. There are legal and factual questions as to whether a contract exists and, if so, whether its

terms would affect the division of the property in the partition action.[5] Second, as in *Tucker*, Indorf and Keep's closely related claims directly affect the other party's requested relief. Therefore, dismissing Indorf's complaint may substantially harm his asserted right to recover his contribution toward the down payment on the real property.

## B.    Abatement

[¶12]  The court applied the doctrine of abatement in its dismissal of Indorf's contract action. In a defendant's Rule 12(c) motion for judgment on the pleadings, "only the legal sufficiency of the complaint is tested" because the motion "is nothing more than a motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted." *Cunningham v. Haza*, 538 A.2d 265, 267 (Me. 1988). Thus, in ruling on Keep's Rule 12(c) motion to dismiss, the court was required to assume that Indorf's factual allegations were true, examine the complaint in the light most favorable to Indorf, and ascertain whether Indorf's complaint alleged the elements of a cause of action or facts entitling him to relief on some legal theory. *See id.*

---

[5]  The overlap of the legal and factual questions in these actions is further underscored by the court's own determination that res judicata was inevitable. *See Doe v. Forino*, 2020 ME 135, ¶ 8, 242 A.3d 1098 (explaining that one of the requirements of res judicata is that "the matters presented for decision in the second action were, or might have been, litigated in the first action." (alteration and quotation marks omitted)); M.R. Civ. P. 42(a).

[¶13]  Although there is "one narrow exception" to the rule barring movants from taking advantage of affirmative defenses in a motion for judgment on the pleadings, the exception requires that "*the complaint itself* affirmatively demonstrates the existence and the applicability of the affirmative defense."  *Id.* (emphasis added).  Because Indorf's complaint does not affirmatively demonstrate a res judicata affirmative defense, the narrow exception does not apply in this case.  Therefore, under the Rule 12(c) standard of review, the court should not have considered the res judicata affirmative defense raised in Keep's answer.  Moreover, even if the court could have considered Keep's affirmative defense, the remedy of abatement is available only if properly pleaded by a party, *see, e.g.*, *Fahy v. Brannagan*, 56 Me. 42, 43-44 (1868); 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 6 (2005) (explaining that "[a] party bringing a motion in abatement has the burden of proving the facts necessary to support a judgment of dismissal, including showing that he or she is within the reason for its enforcement"), and because Keep never pleaded abatement, the court's application of the remedy sua sponte was inappropriate.[6]

---

[6]  Because we conclude that the remedy of abatement was inappropriate, we do not need to reach the issue of whether the promulgation of the Maine Rules of Civil Procedure effectively abrogated the doctrine of abatement.  Nevertheless, it is clear that the Rules' allowance for liberal merger of claims and defenses, *which increase the efficiency of proceedings in most instances*, were better suited than

[¶14]  We therefore vacate the court's order dismissing Indorf's contract action.  The parties indicated at oral argument that the partition action had already gone to trial and was under advisement by the court.  We now take judicial notice of the court's recent entry of its judgment in Keep's partition action.  *See Cabral v. L'Heureux*, 2017 ME 50, ¶ 10, 157 A.3d 795.  We therefore leave the resolution of Indorf's contract action to the trial court's discretion, with the direction to use all appropriate trial management tools and practices available to resolve any remaining issues that were not addressed in its judgment entered in Keep's partition action.[7]

## C.    Attorney Fees

[¶15]   Indorf also contends that the court erred by awarding Keep attorney fees because the circumstances do not fit within the exceptions to the American rule.   "[W]e review a court's authority to award attorney fees de novo."  *Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC*, 2022 ME 5, ¶ 15,

---

abatement to address these parties' related claims.  *See, e.g.*, M.R. Civ. P 12(g) & Reporter's Notes (enabling parties to consolidate motions in defense of an action to prevent parties from "delaying an action by making successively a series of motions"); M.R Civ. P. 18 & Reporter's Notes ("allow[ing] unlimited joinder of claims by a plaintiff or a counterclaiming defendant," regardless of whether the claims are based in law or equity); M.R. Civ. P. 42 & Reporter's Notes (containing provisions that allow for the consolidation of claims to "complement[] the liberal provisions for joinder of claims").

 [7] This opinion must not be construed to limit any otherwise available relief or remedy that Indorf may have in Keep's partition action.  *See, e.g.*, M.R. Civ. P. 60 (permitting relief from a judgment in certain circumstances).

267 A.3d 1094 (emphasis omitted). "Maine follows the American rule that litigants bear their own attorney fees . . . ." *Soley v. Karll*, 2004 ME 89, ¶ 10, 853 A.2d 755. A court may, however, award attorney fees under the following exceptions to the American rule: "(1) [a] contractual agreement of the parties, (2) clear statutory authority, or (3) the court's inherent authority to sanction egregious conduct *in a judicial proceeding*." *Fortney*, 2022 ME 5, ¶ 12, 267 A.3d 1094 (emphasis added) (quotation marks omitted).

[¶16] In determining that it was just and proper to award Keep attorney fees for her defense of Indorf's contract action, the court relied upon its finding that Indorf had acknowledged that his claim would be adjudicated in Keep's partition action. The court's limited finding regarding Indorf's acknowledgment seems to suggest that the court, to some degree, accepted Keep's argument that Indorf filed a "duplicative proceeding" with the intent "to increase [Keep's] legal fees and to cause [her] hardship and further litigation." Therefore, the court's award of half of Keep's attorney fees appears to have been a sanction for Indorf's conduct in the parties' litigation and thus based upon the court's inherent authority to sanction egregious conduct in a judicial proceeding.

[¶17]   We have held that, given the American rule, "trial courts should exercise their inherent authority to award attorney fees as a sanction only in the most extraordinary circumstances." *Baker v. Manter*, 2001 ME 26, ¶ 14, 765 A.2d 583 (quotation marks omitted).   Moreover, "[t]he trial court's authority to sanction parties and attorneys for abuse of the litigation process should be sparingly used and sanctions imposed only when the *abuse of* [*the litigation*] *process* by parties or counsel is clear." *Id.* (quotation marks omitted). In *Baker*, for example, we vacated the award of attorney fees, despite the defendant's egregious actions toward the plaintiff, because the defendant's conduct was not abusive *of the litigation process*.[8]  *Id.* ¶ 16-17.  In *Baker*, we reasoned that where there is no abuse of the litigation process, the court lacks the inherent authority to sanction parties.  *See id.* ¶ 16 (explaining that the court has other available remedies when a "litigant acts *outside of the proceedings* in contempt of the court's order, or with malice towards other parties").

---

[8]  In contrast, we have held that the court did not err in awarding attorney fees where a party "repeatedly refused to comply with a final order of the court . . . [and] filed multiple suits in several jurisdictions . . . [that] amounted to little more than collateral attacks *on the [court's] order.*" *Linscott v. Foy*, 1998 ME 206, ¶¶ 16-19, 716 A.2d 1017 (emphasis added) ("[W]e have no difficulty concluding that these actions were undertaken in bad faith and were abusive of the court . . . , thereby providing the court with authority to consider imposition of attorney fees"); *see also Soley v. Karll*, 2004 ME 89, ¶¶ 14-15, 853 A.2d 755 (vacating an award of attorney fees because, despite the parties causing a delay in an eviction proceeding by filing a bankruptcy petition, "it [was] not apparent that the delay . . . was an extraordinary circumstance" and there was "no evidence that [the parties] refused to obey a court order").

12

[¶18]  In this case, the court erred when it awarded Keep attorney fees. Under the American rule, Keep and Indorf were responsible for paying their own attorney fees, unless the action fell within one of the three exceptions. There is no statutory authority for the award of attorney fees in this case, nor is there any agreement between the parties that entitled Keep to receipt of her attorney fees.  Finally, there is no support in this record for any contention that Indorf clearly abused the litigation process.  We, therefore, vacate the award of attorney fees.

The entry is:

> Judgment dismissing Indorf's contract and declaratory judgment action and awarding attorney fees vacated.  Remanded to the District Court for further proceedings consistent with this opinion.

---

Keith P. Richard, Esq. (orally), Westbrook, for appellant Christopher Indorf

Pamela Holmes, Esq. (orally), and Mary-Ann Letourneau, Esq., Holmes Legal Group, LLC, Wells, for appellee Heather Keep

Biddeford District Court docket number CV-2020-110
FOR CLERK REFERENCE ONLY