STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-23-01

SARAH WHYNAUGHT,                    )
                                    )
        Petitioner,                 )
                                    )
    v.                              )       ORDER ON PETITIONER'S 80C
                                    )       APPEAL
MAINE STATE HOUSING                 )
AUTHORITY,                          )
                                    )
        Respondent.                 )

Presently before the Court is Petitioner Sarah Whynaught's Rule 80C appeal of a final action of Respondent Maine State Housing Authority ("MaineHousing"). For the following reasons, Petitioner's appeal is denied.

## BACKGROUND

MaineHousing administers a federally-funded Section 8 Housing Choice Voucher Program ("HCV Program") that provides rental assistance to income-eligible tenants. Petitioner began receiving rental assistance through the HCV Program in 2011. (R. 1060.) At that time, Petitioner's household included herself, her adult son, Zachary, and her minor daughter, Natalee. (R. 1059-60, 1147.) MaineHousing initially refused Petitioner's request to include Zachary as a household member due to a certain aspect of the HCV Program guidelines, but Petitioner successfully appealed that decision, and Zachary was added to the household. (R. 1123-27.) For the next ten years, Petitioner continued to receive rental assistance and navigated changes to her household, including her children becoming full-time students and Natalee reaching adulthood. (R. 1055-59.)

In 2021, Zachary and Natalee were both listed as "Other Adult" household members, although Zachary had moved out of Petitioner's home in 2018. (R. 1057-58, 1080-81.) At that

1

time, Petitioner's monthly rent was fully covered by her housing assistance payment. (R. 1080.) In 2022, Natalee obtained a job, and Petitioner's benefits were reduced to zero because of the change in household income. (R. 1099-1100.) MaineHousing mailed notice to Petitioner of the change to her benefits on August 30, 2022. (R. 1055, 1099.)

On October 13, 2022, MaineHousing received a request from Petitioner to designate Natalee as Petitioner's live-in aide.[1] (R. 1055, 1130.) MaineHousing approved Petitioner's request for a live-in aide as a reasonable accommodation for Petitioner's physical disability, but it denied Petitioner's request for Natalee to be designated as her live-in aide, on the basis that Natalee did not satisfy federal requirements. (R. 1142.) Petitioner filed a grievance with MaineHousing on November 1, 2022, based on the denial. (R. 1143.) On December 19, 2022, MaineHousing's Equal Access Coordinator, Lauren Bustard, issued a written decision upholding the denial of Natalee as Petitioner's live-in aide. (R. 1158-59.) On December 22, 2022, Petitioner appealed Ms. Bustard's decision to the Director of MaineHousing, Daniel Brennan. Director Brennan issued a Final Agency Decision on January 13, 2023, upholding Ms. Bustard's decision and the denial of Natalee as Petitioner's live-in aide. Petitioner filed this appeal on February 9, 2023.

## 80C STANDARD OF REVIEW

The court will sustain an agency's decision if "on the record before it, the agency could have fairly and reasonably found as it did." *Seider v. Bd. of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551. The court may reverse or modify an agency's decision if it violates a constitutional or statutory provision, exceeds the agency's statutory authority, is procedurally unlawful, is affected by bias or error of law, is not supported by substantial evidence in the record, or is arbitrary or capricious or an abuse of discretion. 5 M.R.S. § 11007(4)(C). The court will not

---

[1] Pursuant to state and federal regulations, the income of a live-in aide is not counted in the calculation of the family's income. *MaineHousing Administrative Plan* 3-I.M.; 24 C.F.R. 5.609(c)(5).

substitute its judgment for that of the agency on questions of fact. *Id.* § 11007(3). The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Rossignol v. Me. Pub. Emps. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

## DISCUSSION

The MaineHousing Administrative Plan adopts the federal definition of live-in aide, which is as follows:

> *Live-in aide* means a person who resides with one or more elderly persons, or near-elderly persons, or persons with disabilities, and who:
> (1) Is determined to be essential to the care and well-being of the persons;
> (2) Is not obligated for the support of the persons; and
> (3) Would not be living in the unit except to provide the necessary supportive services.

24 C.F.R. § 5.403. MaineHousing denied Petitioner's request for Natalee to be designated as Petitioner's live-in aide based on the third requirement, finding:

> A person may be a live-in aide if they would not be living in the unit except to provide the necessary supportive services. Approving a request for your daughter, who has resided in the unit since 2011, to be a live-in aide would be a fundamental alteration of MaineHousing's operation of the [HCV Program].

In her Rule 80C Brief, Petitioner appears to argue that MaineHousing's decision (1) is not supported by substantial evidence in the record, (2) is affected by an error of law, and (3) is arbitrary or capricious.[2]

---

[2] To the extent that Petitioner is also attempting to raise an equal protection claim or a claim that MaineHousing's decision was affected by bias, the Court considers the issue waived. *Doe v. Forino*, 2020 ME 135, ¶ 7 n.4, 242 A.3d 1098 ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (quoting *Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290)). Even if Petitioner had effectively raised the issue, she would be raising it for the first time before this Court, and it would be unpreserved. *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 18, 60 A.3d 1241 ("Issues not raised at the administrative level are deemed unpreserved for appellate review. This rule applies even to unpreserved issues implicating constitutional questions."); *see also Warren Constr. Group, LLC v. Reis*, 2016 ME 11, ¶ 9, 120 A.3d 969 (when considering whether an issue is preserved, the court holds pro se litigants to the same standard as represented parties).

## I.    Substantial Evidence

Petitioner disputes MaineHousing's finding that Natalee does not satisfy the requirements to act as Petitioner's live-in aide. On an 80C appeal, the court will not substitute its judgment for that of the agency and will affirm findings of fact if they are supported by substantial evidence in the record. *Ouellette v. Saco River Corridor Comm'n*, 2022 ME 42, ¶ 20, 278 A.3d 1183. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion." *Id.* (quoting *Doane v. HHS*, 2021 ME 28, ¶ 38, 250 A.3d 1101). The court does not weigh the merits and will only vacate the agency's findings if there is no competent evidence in the record to support them. *AngleZ Behav. Health Servs. v. Dep't of Health & Hum. Servs.*, 2020 ME 26, ¶ 12, 226 A.3d 762.

Petitioner argues that MaineHousing previously approved her children to act as her live-in aides, even though her children were pre-existing household members. Petitioner alleges that in 2012, MaineHousing approved Zachary to be her live-in aide, and that in 2018, when Zachary moved out, MaineHousing approved Natalee to take Zachary's place as Petitioner's new live-in aide.[3] The record reflects that neither Zachary nor Natalee were ever approved to be Petitioner's live-in aide, and that Petitioner's first and only request for a live-in aide was made in 2022.

In 2012, Zachary was approved as a household member, not as Petitioner's live-in aide.[4] (R. 1059, 1123-27.) When Zachary left in 2018, a live-in aide designation did not transfer to

---

[3] Petitioner claims that MaineHousing approved her children as live-in aides over the phone and failed to update its records. Contemporaneous call logs maintained by the agency contradict Petitioner's version of those phone calls, as does record evidence that all requests for live-in aides must be made in writing. (R. 1053, 1055-60.)

[4] Approximately 5-7 months after Zachary was approved as a household member, he became a full-time student. (R. 1059). Under the MaineHousing Administrative Plan, having a full-time student in the household "qualifies the family for a dependent allowance, and . . . the earned income of [a full-time student] is treated differently from the income of other family members." (R. 1050.) After the change in Zachary's designation, Petitioner received a credit, which may have contributed to Petitioner's confusion. (R. 1059.) The record is clear that the credit relates to Zachary's transition to full-time student, not live-in aide.

4

Natalee, nor is it possible for that designation to transfer; a new request must be made. (R. 1055, 1057-58.) Petitioner raised this confusion with MaineHousing several times. (*Id.*) Each time, the agency explained to Petitioner that neither of her children were or had ever been designated as a live-in aide. (*Id.*) The agency further explained to Petitioner that her children were unlikely to be approved as live-in aides, because they did not meet the requirement that a live-in aide must be a person who would not otherwise be living in the home. (R. 1057-58.)

The Court finds that there is substantial evidence in the record to support MaineHousing's finding that Natalee fails to satisfy the requirement that a live-in aide must be someone who "would not be living in the unit except to provide the necessary supportive services." In 2022, when Petitioner requested to have Natalee designated as Petitioner's live-in aide, Natalee had been living with Petitioner for at least ten years. (R. 1057, 1165.) Outside of her caregiving duties, Natalee was also a single mother with a full-time job. (R. 1100.) Although the Court does not doubt Petitioner's contention that Natalee has been a great help to her, the record reflects that Natalee would be living with Petitioner for other reasons beyond what is contemplated in the definition of a live-in aide.

## II.    Error of Law

Petitioner argues that MaineHousing has misinterpreted the live-in aide guidelines. Specifically, Petitioner argues that MaineHousing "is refusing to acknowledge" that the federal guidelines permit family members to serve as live-in aides. (Petitioner's 80C Brief at 2.) "In reviewing an agency's interpretation of its own rules, regulations, or procedures, we give considerable deference to the agency and will not set aside the agency's interpretation unless the regulation or rule compels a contrary interpretation." *Forest Ecology Network v. Land Use*

5

*Regul. Comm'n*, 2012 ME 36, ¶ 28, 39 A.3d 74 (quoting *Nelson v. Bayroot, LLC*, 2008 ME 91, ¶ 17, 953 A.2d 378).

The Court finds that MaineHousing's decision was not affected by an error of law. Contrary to Petitioner's assertions, MaineHousing agrees that the regulations permit family members to act as live-in aides, provided that the family member is able to meet the test from Section 5.403. (Respondent's 80C Brief at 4.) MaineHousing denied Petitioner's request for Natalee to become Petitioner's live-in aide not because of Natalee's familial connection to Petitioner, but because Natalee was a pre-existing member of Petitioner's household. (R. 1165.)

## III.    Arbitrary or Capricious

The "arbitrary or capricious" standard is high, and the court will "not find that an administrative agency has acted arbitrarily or capriciously unless its action is wilful and unreasoning and without consideration of facts or circumstances." *AngleZ*, 2020 ME 26, ¶ 23, 226 A.3d 762 (citations and quotation marks omitted). The agency will prevail unless "the record compels contrary findings." *Kroeger v. Dep't of Env't Prot.*, 2005 ME 50, ¶ 8, 870 A.2d 566. In this case, the record does not compel contrary findings. MaineHousing thoughtfully considered the facts and circumstances of Petitioner's request and subsequent appeal, and it came to a well-reasoned conclusion.

The court accordingly orders as follows:

> Petitioner Whynaught's appeal pursuant to M.R. Civ. P. 80C is DENIED. The final decision of MaineHousing is AFFIRMED.

6

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: June 28, 2023

                                              Jennifer A. Archer
                                              Justice, Superior Court

7